BERNSTEIN *v.* SHIFMAN.

1. LANDLORD AND TENANT—COVENANT TO MAKE IMPROVEMENTS.
    A lessee's promise to make improvements on the premises to cost not less than a stated sum during the term of the lease constitutes a binding and enforceable contract.

2. SAME—BREACH OF COVENANT TO MAKE IMPROVEMENTS.
    A covenant on the part of the lessee to make improvements during the term of a 15-year lease and costing not less than $10,000, to the reasonable satisfaction of the lessor, constitutes an obligation which, if not waived by subsequent agreement or if there be no estoppel to assert breach, entitled the lessor to surrender of the premises at the end of the term with $10,000 worth of improvements incorporated therein, and in the event of breach, authorized the lessor to recover the amount defendant did not expend in order that the lessor might improve the premises to make good the covenant, it being inferable that the total rent was reduced in proportion to such covenant.

3. NEW TRIAL—LANDLORD AND TENANT—BREACH OF COVENANT TO MAKE IMPROVEMENTS—SPECIAL DEFENSES.
    A new trial is ordered in lessor's action for breach of lessee's covenant to make improvements costing not less than $10,000 during 15-year term of lease calling for total rent of $34,050, where trial judge concluded plaintiff could recover nothing

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 32 Am Jur, Landlord and Tenant §§ 785, 788 *et seq.*
    Extent of lessee's obligation under express covenant as to repairs. 45 ALR 12, 20 ALR2d 1331.
[2] 32 Am Jur, Landlord and Tenant § 801.

beyond sums owing for repairs to the premises and taxes paid
and defendant's special defenses of waiver and modification of
the terms of the lease and estoppel of plaintiff to assert
breach of the covenant were not considered.

Appeal from Wayne; Targonski (Victor), J. Submitted January 7, 1959. (Docket No. 23, Calendar No. 47,756.) Decided February 19, 1959.

Action by Eugenia May Bernstein against Mendel Shifman for damages arising out of breach of covenant to make improvements on leased property. Judgment for plaintiff awarding partial damages. Plaintiff appeals. Reversed and remanded for new trial.

*Sander Bernstein,* for plaintiff.

*Gvazda & Shere* (*George Stone,* of counsel), for defendant.

BLACK, J. July 16, 1941, plaintiff Bernstein as lessor, and defendant Shifman as lessee, executed a written lease of certain business and living-apartment premises located on Hastings street in Detroit. The term of the lease was 15 years, ending July 31, 1956. It is agreed that the respective undertakings of the parties were duly performed save only as brought to issue in the case before us. The controversy turns upon construction and effect of the following covenant appearing in the lease:

"5. Tenant, as a further consideration for this lease, agrees to make improvements on said premises to cost not less than $10,000 during the term of this lease, and shall present to landlord proof of such expenditures. All and any improvements, alterations and additions shall be performed in a good, sufficient, substantial and workmanlike manner, to the reasonable satisfaction of the landlord. Any and all

of said alterations, improvements and additions shall be in accordance with plans and specifications filed with and approved by the department of building and safety engineering of the city of Detroit, or such other department or bureau which may have jurisdiction in relation to such alterations, improvements and additions. The tenant shall pay all costs, expenses and liabilities arising out of or in any way connected with the said improvements, alterations and additions and shall keep the demised premises and structures thereon free and clear from any and all liens of mechanics, or materialmen, and all liens of a similar character arising out of or growing out of the improvements, alterations, additions, repairs and maintenance of the buildings on the demised premises. All and any of said improvements, alterations and additions shall, at the expiration of this lease, be and remain in the said premises and belong to the landlord as a further consideration for this lease and no compensation shall be allowed or paid therefor to the tenant."

At conclusion of the demised term the plaintiff lessor brought suit against the defendant lessee, counting upon the quoted covenant and alleging that the lessee had failed to make the stipulated improvements. She claims the right to judgment against the defendant in the sum of $10,000 and, having recovered but $1,996.68 by judgment below, appeals to this Court for reversal.

The lessee concedes that he did not perform the covenant "to make improvements * * * to cost not less than $10,000 * * * during the term of this lease." He insists that the covenant is "too vague and indefinite to be enforceable," and that it is not actionable for want of testified proof of "damages in the amount of $10,000." Finally, he asserts that plaintiff waived "compliance with the promise to make improvements" and is "estopped to insist upon its performance."

We accept defendant's counterstatement of the question to be decided on appeal. It follows:

"Does a promise 'to make improvements on said premises to cost not less than $10,000 during the term of this lease' constitute a binding and enforceable contract?"

Our answer, applying the question to the presented facts, is affirmative.

The quoted covenant, unlike any similar one scrutinized in the conflicting authorities cited to us, plainly calls for the expenditure by the lessee of the sum of $10,000 toward permanent improvement of the demised premises. The covenant stipulates no time for performance beyond requirement that the improvements be made "during the term of this lease," thus allowing the lessee the entire term within which to perform (32 Am Jur, Landlord and Tenant, § 785, p 670). It was, we must presume, inserted in the lease for a purpose. Unless waived by subsequent agreement, or unless estoppel to assert breach did intervene, the covenant entitled the lessor to surrender of the demised premises, at end of term, with $10,000 worth of improvements incorporated therein "to the reasonable satisfaction of the landlord."* In so many words, the lessee was under obligation to expend $10,000 on the premises in such manner as would leave the lessor in as good position as if she had expended that amount on the premises herself. Thus we look upon the covenant and its breach as authorizing the lessor to recover the amount defendant did not expend in order that she, herself, might improve the premises to make good the covenant.

---

* The covenant, in essence, is a so-called "satisfaction" undertaking and belongs to the second class considered in *Wood Reaping & Mowing Machine Co.* v. *Smith*, 50 Mich 565, 570, 571 (45 Am Rep 57). See application of the *Wood Case* in *Schmand* v. *Jandorf*, 175 Mich 88, 93–95 (44 LRA NS 680, Ann Cas 1915A, 746).

While its inclusion was unnecessary to the determination we have reached, the final sentence of the covenant lends significance to conclusion that the parties intended a duly performed result measured by the agreed dollar amount. That sentence fully justifies the lessor's interpretive inference that the total of rentals called for by this 15-year lease ($34,050) was reduced by agreement in proportion to the covenant of the lessee to incorporate improvements costing not less than such dollar amount.

In no view of this case do we find a troublesome question of law, or difficulty of choice between the divergent lines of authority cited to us by counsel under the alternative text of 51 CJS, Landlord and Tenant, § 393, p 1132.* The parties themselves have settled plaintiff's right to recover the demanded sum of $10,000, subject, of course, to possible validity of special defenses as pleaded, and apparently did so on account of the difficulty, years ahead of time, of making more certain the detail of that which the covenant intendedly calls for in general terms.

This case was not fully tried in the court below. It concluded with determination of the trial judge that plaintiff could recover nothing beyond an apparently stipulated sum owing for "repairs to the premises" and another sum "allowed for taxes paid." The defendant's special defenses, having to do with claimed "waiver and modification of the terms and provisions of the said lease" and estoppel on the part of plaintiff to assert breach of the quoted covenant, were not considered. In these circumstances

---

* The cited text reads:
"The general rule is that, on a lessee's breach of a covenant to make improvements, a lessor may recover what it would cost to make them, and the difference in the rental value of the land until they could be made after the expiration of the term; but it has also been held that the measure of damages is the difference between the value of the premises with and without the improvements."

we reverse and remand for new trial.    Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.