■ 801 SOUTH FULTON AVENUE CORP., Appellant, v BURTON RADIN et al., Respondents. (Action No. 1.) 801 SOUTH FULTON AVENUE CORP., Appellant, v VICTORY CONTAINER CORP. et al.,

Respondents. (Action No. 2.)—In two consolidated actions to recover unpaid rent, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated June 13, 1986, as dismissed the plaintiff's complaints in actions Nos. 1 and 2, after a nonjury trial.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The trial court erred in holding that defendant Mount Vernon Container Corp. (hereinafter Mount Vernon) was released from any liability for rent when the plaintiff, the landlord, settled its claim with the occupant, Coordinated Containers Corp. (hereinafter Coordinated) and released it. The plaintiff explicitly reserved its rights against Mount Vernon when it released Coordinated in a document which formed an integral part of the settlement between the plaintiff and Coordinated in a prior proceeding *(see,* General Obligations Law § 15-104). The only exception to the effectiveness of such an explicit reservation of rights is when the obligee attempts to reserve such rights against an obligor which is only secondarily liable as a surety (General Obligations Law § 15-103; *see,* Werner, *Shared Liability: An Alternative to the Confusion of Joint, Several, and Joint and Several Obligations,* 42 Albany L Rev 1, 15 [1977]). We conclude that Mount Vernon's liability was not limited in this way. Although the document whereby Coordinated took occupancy of the premises was called an "assignment", under the entirety of the circumstances here, this arrangement was a sublease, since Mount Vernon retained an interest in the premises and indeed, with the landlord's participation and consent, subsequently sublet the same premises under the same lease to another company after Coordinated had ceased its occupancy. These circumstances, rather than the name given to the arrangement, are dispositive in determining the nature of the arrangement (Rasch, New York Landlord and Tenant—Summary Proceedings § 178 [2d ed]; *New Amsterdam Cas. Co. v National Union Fire Ins. Co.,* 266 NY 254, 258; *Herzig v Blumenkrohn,* 122 App Div 756). As the tenant, Mount Vernon remained liable for the lease obligations, including payment of rent (Rasch, New York Landlord and Tenant—Summary Proceedings §§ 232, 233 [2d ed]). Mount Vernon remained directly liable to the landlord based on its own contractual obligations, rather than derivatively to Coordinated's obligations *(e.g., Iorio v Superior Sound,* 49 AD2d 1008; *Spitz v Nunn,* 34 Ohio App 397, 171 NE 117; *see,* Rasch, New York

Landlord and Tenant—Summary Proceedings § 216 [2d ed]). Accordingly, the plaintiff's reservation of rights against Mount Vernon was effective (General Obligations Law §§ 15-103, 15-104, 15-105).

However, the record supports the trial court's alternative basis for its disposition. It shows that the building was in such disrepair that the premises were flooded during every rainfall to an extent that it was impossible for the occupant, Coordinated, a manufacturer of corrugated cardboard boxes, to conduct its manufacturing operations. Coordinated eventually had to abandon the premises after sustaining much property damage and experiencing great difficulties in continuing its operations. These circumstances so interfered with the purpose of the occupancy that the trial court was justified in finding that there had been a constructive eviction, and in declaring the rent for the period at issue to have been totally abated.

We find no merit in the plaintiff's argument that a modification of the prime lease in 1978, which added to the space being rented and increased the rent, did not discharge the defendants named in the second action as guarantors (see, Becker v Faber, 280 NY 146, rearg denied 280 NY 730; 38 Am Jur 2d, Guaranty, §§ 81, 82; cf., Cooper Grocery Co. v Neblett, 203 SW 365 [Tex]; Liberty Natl. Bank & Trust Co. v Dvorak, 199 NW2d 414 [ND]).

Accordingly, the judgment dismissing the complaints against all the defendants was correct. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.