◼ MELBOURNE LEASING COMPANY, Respondent, v JACK LA-LANNE FITNESS CENTERS, INC., et al., Appellants. [621 NYS2d 682]

—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Friedmann, J.), entered October 20, 1992, which, *inter alia,* is in favor of the plaintiff and against them in the principal sums of $700,000 for breach of contract, and $101,792 for rental arrears.

Ordered that the judgment is affirmed, with costs.

The defendant Jack LaLanne Fitness Centers, Inc. (hereinafter the tenant), which had leased the subject premises for 17 years, renegotiated its lease with the plaintiff Melbourne Leasing Company (hereinafter the landlord) in 1987. Under the new lease, the tenant agreed to make alterations to the premises during the first year of the lease in the amount of at least $700,000. However, the tenant failed to make the required alterations and in 1989 the landlord commenced the present action alleging breach of contract. Thereafter, in 1991, the tenant abandoned the premises, claiming constructive eviction. After a nonjury trial, the trial court determined that the tenant had breached the lease by failing to make the requisite alterations and awarded the landlord damages in the amount of $700,000. The trial court also rejected the tenant's claim of constructive eviction and awarded the landlord damages in the amount of $101,792 for rent accruing after the tenant abandoned the premises.

Contrary to the appellants' contention, Article 64 of the lease, requiring the tenant to make alterations to the leased premises in an amount of at least $700,000, was sufficiently certain and specific to be enforceable *(see, Tobin v Union News Co.,* 18 AD2d 243, *affd* 13 NY2d 1155; *Bernstein v Shifman,* 355 Mich 398, 94 NW2d 821). Although the lease did not set forth the specific alterations contemplated by the parties, the extrinsic evidence, including preliminary plans and a detailed estimate of construction costs, established the intentions of the parties regarding the alterations. Further, the provision of the lease requiring the landlord's approval of the tenant's plans for the alterations did not render Article 64 an unenforceable "agreement to agree" *(see generally, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 317; *Bernstein v Shifman, supra).* Accordingly, the trial court did not err in finding that the tenant had breached its obligation under the lease to make alterations to the leased premises.

Moreover, since the lease required the tenant to make at least $700,000 in alterations to the leased premises, the trial court properly awarded the landlord damages in the amount

of $700,000 for the tenant's breach of contract *(see, Bernstein v Shifman, supra; cf., Tobin v Union News Co., supra,* 13 NY2d 1155 [where amount of expenditure on part of tenant not specified in lease, damages limited to reasonable cost]).

The appellants' claims of partial and constructive eviction are without merit. Whether a partial or constructive eviction has occurred is generally a question of fact for the trier of fact *(see,* 2 Rasch, New York Landlord and Tenant—Constructive Eviction § 28:31, at 357 [3d ed]). In the present case, the trial court's determination that no constructive or partial eviction occurred was supported by the evidence *(see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77). Accordingly, the tenant's abandonment of the leased premises was not justified and landlord is entitled to rent which accrued after the tenant abandoned the leased premises.

We find the appellants' remaining contentions to be without merit. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.