■ MARSHA ORESKY, Appellant, v DAVID AZZOUNI et al., Respondents. [648 NYS2d 942] —In an action to recover damages for an illegal eviction, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated July 19, 1995, which denied her motion to set aside the report and findings of Edward C. Alfano (J.H.O.), dated November 24, 1994, in their entirety, and granted the defendants' cross motion to confirm the report and findings in their entirety.

Ordered that the order is modified, on the law, (a) by deleting the provision thereof which denied the plaintiff's motion to set aside the report and findings in their entirety and substituting therefor a provision granting the plaintiff's motion to the extent of setting aside so much of the report and findings of the Hearing Examiner as determined that the plaintiff had suffered a partial, temporary, constructive eviction from the roof terrace in question and recommended that she be awarded damages in the amount of 50% of the value of the use of the terrace, or $1000, and finding instead that the plaintiff suffered a complete, temporary, constructive eviction from the terrace and is entitled to damages in the amount equal to 100% of the value of the use of the terrace, or $2000; and (b) by deleting the provision thereof which granted the branch of the cross motion which was to confirm the portion of the report and finding that the plaintiff had suffered a partial constructive eviction and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

In August of 1991 the defendants, the plaintiff's landlords,

notified the plaintiff of their intent to repair the roof area outside her kitchen window, which she had used as a terrace for a number of years under the terms of her lease. To facilitate the repairs and the installation of a new roof, the defendants removed the plaintiff's personal belongings from the area, including certain wooden decking, without which the roof was not useable as a terrace. The roof was then repaired, but the wooden decking was not replaced until April 1994.

The evidence adduced before the Judicial Hearing Officer shows conclusively that, although not physically barred from using the area in question, the plaintiff was unable to use the roof as a terrace from the time the wooden decking was removed until it was replaced, a total of 32 months. Thus, she was not deprived of only 50% of the use of the terrace, as found by the Judicial Hearing Officer, but was completely, constructively, evicted from that part of her leasehold for the period in question. Therefore, the plaintiff's motion should have been granted to the extent of awarding her an amount equal to 100% of the value of the use of the terrace for that period of time.

We have examined the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.