*322 OPINION OF THE COURT
Per Curiam.
Final judgment entered August 21, 1995 affirmed, with $25 costs.
The commercial premises was demised for use as a "first class” bar establishment. In order to allow for extensive renovations and construction within the premises, tenant was granted a six-month rent abatement. Because of water penetration emanating from a restaurant occupying the adjacent store and floor above tenant’s space, as well as recurring sewer backups from the common waste line, the parties stipulated that tenant would receive an additional four-month abatement (through Oct. 1994). The stipulation was expressly made not applicable to any claim by tenant for future damages.
In this nonpayment proceeding for the subsequent period November 1994 through March 1995, the record supports Civil Court’s findings that the "persistent and severe” water problems continued to recur and prevented tenant from opening for business during the period in suit. A constructive eviction exists where the landlord’s wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83). The requirement of an abandonment of the leasehold is certainly met in circumstances where the conditions complained of delayed tenant’s renovations and where the inability to commence operations is directly traceable to these conditions (see, Manhattan Mansions v Moe’s Pizza, 149 Misc 2d 43). Whether a constructive eviction has occurred is generally a question of fact for the trier of fact (Melbourne Leasing Co. v Jack LaLanne Fitness Ctrs., 211 AD2d 765, 767). We find no cause to disturb Civil Court’s resolution of the fact issues where landlord was cognizant of the leaks and sewer backups even prior to the letting to the tenant and where landlord’s own correspondence in January and February 1995 reflects the "ongoing problem that is disrupting the tenant’s business and causing damage to their establishments”. Accordingly, the petition for rent was properly dismissed.