■ ANNAMAE JOHNSON, Appellant, v JUAN CABRERA, Doing Business as SOUTH EXPRESS COURIER, Respondent. [668 NYS2d 45] —In a summary proceeding to recover possession of leased premises for nonpayment of rent, the landlord appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 4, 1996, which reversed a judgment of the Civil Court, Queens County (Gazzara, J.), entered May 13, 1994, and dismissed her petition.

Ordered that the order is affirmed, with costs.

It is well settled that a commercial tenant may be relieved of

its obligation to pay the full amount of rent due where it has been actually or constructively evicted from either the whole or a part of the leasehold (*see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77; *Union City Union Suit Co. v Miller,* 162 AD2d 101; *Manhattan Mansions v Moe's Pizza,* 149 Misc 2d 43). A constructive eviction occurs where "the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises" (*Barash v Pennsylvania Term. Real Estate Corp., supra,* at 83). Contrary to the landlord's contention, the Appellate Term properly found that she was obligated, under the terms of the parties' lease, to correct the frozen pipe condition which left the leased premises without heat and water for two months during the winter of 1994 (*see, Hidden Ponds v Hresent,* 209 AD2d 1025; *see also, Bush Term. Assocs. v Federated Dept. Stores,* 73 AD2d 943). In view of the uncontradicted testimony that the loss of heat and water substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises, a constructive eviction arose which suspended the tenant's obligation to pay rent (*see, Union City Union Suit Co. v Miller, supra; West Broadway Glass Co. v I.T.M. Bar,* 171 Misc 2d 321; *Manhattan Mansions v Moe's Pizza, supra*).

The landlord's remaining contentions are without merit. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.