Genovese Drug Stores, Inc., Respondent, v William Floyd Plaza, LLC, Doing Business as Shirley Operating Account, Appellant. [883 NYS2d 86]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to continued possession of the subject leased premises, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 8, 2008, as (a) granted that branch of the plaintiff's motion which was for summary judgment "on the issue that" the defendant was not entitled to terminate the lease on the grounds cited by the defendant in its termination notice in a holdover proceeding entitled *Matter of William Floyd Plaza, LLC v Genovese Drug Stores, Inc.,* pending in the District Court, Suffolk County, and (b) granted the plaintiff's separate motion to stay the holdover proceeding and remove it to the Supreme Court, Suffolk County, and to consolidate that proceeding with this action, and denied, as academic, its cross motion, among other things, to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying, as academic, those branches of the defendant's cross motion which were to dismiss the second cause of action to permanently enjoin the defendant from attempting to terminate the lease and the third cause of action alleging a breach of the covenant of quiet enjoyment, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff leases retail space (hereinafter the original premises) in a shopping mall owned by the defendant. The lease was entered into in 1975. In February 2000 the plaintiff and the defendant's predecessor-in-interest entered into a separate lease under which the plaintiff leased an additional 3,000 square feet

until January 31, 2005. A rider to this lease provided that it could be terminated by either party on written notice of six months.

In December 2001 the plaintiff and the defendant's predecessor-in-interest agreed in writing to terminate the lease for the additional space. This termination agreement specifically provided that it applied only to the additional space and did not affect the plaintiff's right to continued occupancy of the original premises. In August 2006 the defendant, relying upon the termination clause in the lease for the additional space, informed the plaintiff that it was terminating the lease for the original premises effective February 1, 2008.

The plaintiff commenced this action in the Supreme Court, inter alia, for a judgment declaring that it was entitled to continued possession of the original premises and to enjoin the defendant from interfering with the plaintiff's possession of the original premises. The defendant then commenced a holdover proceeding in the District Court, Suffolk County. On March 6, 2008 the Supreme Court granted a temporary stay of the holdover proceeding. Despite the stay, on April 21, 2008, the defendant obtained a default judgment in the District Court and commenced eviction proceedings.

The plaintiff thereafter moved in the Supreme Court, inter alia, for summary judgment "on the issue that" the defendant was not entitled to terminate the lease on the grounds cited by the defendant in its termination notice. The defendant cross-moved to dismiss the complaint or, in the alternative, to remove the action to the District Court, Suffolk County. The plaintiff also moved by order to show cause to stay the holdover proceeding and to have it removed to the Supreme Court and consolidated with the action pending in the Supreme Court. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment, granted the plaintiff's motion to stay and remove the holdover proceeding and consolidate it with the Supreme Court action, and denied the defendant's cross motion as academic. The defendant appeals.

The Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment "on the issue that" the defendant was not entitled to terminate the lease on the grounds cited by the defendant in its termination notice. A lease is a contract (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]). Where the terms of a contract are clear and unambiguous, the contract must be

enforced according to its terms (*see Reiss v Financial Performance Corp.,* 97 NY2d 195, 198 [2001]; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Here, the plain language of the agreement by which the plaintiff leased the additional premises provided that the terms of that agreement, which included the right to terminate upon which the defendant relies, applied only to the lease of the additional premises and not to the lease of the original premises. The plaintiff thus established that the defendant had no authority to terminate the lease of the original premises. In opposition, the defendant failed to raise a triable issue of fact. The Supreme Court, therefore, properly granted the plaintiff's motion for summary judgment "on the issue that" the defendant was not entitled to terminate the lease on the grounds cited by the defendant in its termination notice.

Since the Supreme Court was capable of providing all the relief requested, including the equitable relief sought by the plaintiff, and the District Court could not, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to stay the holdover proceeding and remove it to the Supreme Court, and to consolidate the holdover proceeding with the action (*see Kally v Mount Sinai Hosp.,* 44 AD3d 1010, 1011 [2007]; *Bennigan's of N.Y. v Great Neck Plaza,* 223 AD2d 615, 616 [1996]; *DeCastro v Bhokari,* 201 AD2d 382 [1994]).

However, the Supreme Court should have granted that branch of the defendant's cross motion which was to dismiss the plaintiff's second cause of action to permanently enjoin the defendant from attempting to terminate the lease. "[T]he danger of impending judicial proceedings is not an injury justifying an injunction" (*Spellman Food Servs. v Partrick,* 90 AD2d 791, 791 [1982], citing *Wolfe v Burke,* 56 NY 115, 119 [1874]).

The Supreme Court also should have granted that branch of the defendant's cross motion which was to dismiss the plaintiff's third cause of action alleging a breach of the covenant of quiet enjoyment. "In actions for damages for breach of the covenant of quiet enjoyment, a tenant likewise must show an ouster, or if the eviction is constructive, an abandonment of the premises" (*Dave Herstein Co. v Columbia Pictures Corp.,* 4 NY2d 117, 121 [1958]; *see Witherbee Ct. Assoc. v Greene,* 7 AD3d 699, 702 [2004]; *Grammer v Turits,* 271 AD2d 644, 645 [2000]; *Roli-Blue, Inc. v 69/70th St. Assoc.,* 119 AD2d 173, 175 [1986]). Here, the complaint does not contain such an allegation and, therefore, this cause of action should have been dismissed.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination.

Spolzino, J.P., Dillon, Florio and Belen, JJ., concur. [*See* 2008 NY Slip Op 32011(U).]