■ MARGARET E. KING, Respondent, v 870 RIVERSIDE DRIVE HOUSING DEVELOPMENT FUND CORP. et al., Appellants. [902 NYS2d 86]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 10, 2009, which, to the extent appealed from, denied defendants' motion to dismiss the first, fourth, fifth and sixth causes of action, unanimously modified, on the law, the motion granted to dismiss the fourth, fifth and sixth causes of action as against defendant Board of Directors and the individual defendants, and otherwise affirmed, without costs.

Plaintiff and her father acquired shares in the subject cooperative corporation, and entered into a proprietary lease with it in 1985. After her father's death, plaintiff sought to have his interests transferred to her. The proprietary lease provides that transfer of shares and assignment of the lease cannot take effect until authorized by the directors, either by resolution or by written consent of a majority, and that in the event of the death of a lessee shareholder, such "consent shall not be unreasonably withheld." Plaintiff alleges that after initially consenting to the requested transfer, the board and its members, acting inexplicably and without any stated reason, withheld their consent and refused to execute the documents necessary to complete the transfer and assignment.

The first cause of action, which seeks to compel the board and its individual members to execute the necessary documents, thus states a valid cause of action for injunctive relief against all the defendants (*see Schwartz v Marien*, 37 NY2d 487 [1975]). However, the fourth and sixth causes of action, to the extent they allege breach of the provisions of the proprietary lease that obligate the coop to maintain the apartment in good repair, are inadequate as to the board and the individual defendants because the board is not a party to the lease, and there are no allegations of tortious or wrongful conduct on the part of the individual board members that would render them personally liable (*see Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324 [1998]).

The complaint adequately pleads a cause of action against the coop alone for constructive eviction based on leaks causing extensive water damage to the apartment, as a result of which plaintiff could not use or sublet the apartment (*see Dinicu v*

*Groff Studios Corp.*, 257 AD2d 218, 224 [1999]; *Oresky v Azzoni*, 232 AD2d 463 [1996]). The evidence submitted by defendants does not eliminate all issues (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), or so flatly contradict the allegations of the complaint as to warrant dismissal in toto (*see Beattie v Brown & Wood*, 243 AD2d 395 [1997]). Plaintiff's claim for damages arising from the coop's alleged failure, in violation of the proprietary lease, to repair the continuing leaks is not time-barred, but recovery of monetary damages is limited by CPLR 214 (4) to any alleged damage that occurred within three years of the commencement of the instant action (*see Kaymakcian v Board of Mgrs. of Charles House Condominium*, 49 AD3d 407 [2008]). The evidence submitted by defendants does not establish that no property damage occurred within that three-year period. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 32049(U).]**