■ JOYLAINE REALTY Co., LLC, Appellant, v ROSHNI SAMUEL, Respondent. [954 NYS2d 179]—

In an action to recover unpaid rent, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Shulman, J.), dated August 1, 2011, as, upon a decision of the same court dated March 21, 2011, made after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"[A] commercial tenant may be relieved of its obligation to

pay the full amount of rent due where it has been actually or constructively evicted from either the whole or a part of the leasehold" (*Johnson v Cabrera*, 246 AD2d 578, 578-579 [1998]; *see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77 [1970]; *Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117 [1958]). "A constructive eviction occurs where 'the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises' " (*Johnson v Cabrera*, 246 AD2d at 578, quoting *Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d at 83; *see Grammer v Turits*, 271 AD2d 644, 645 [2000]). Here, the repeated flooding of the subject premises substantially and materially deprived the defendant of the beneficial use and enjoyment of the premises, and the plaintiff failed to take any steps to correct the condition (*see 801 S. Fulton Ave. Corp. v Radin*, 138 AD2d 561, 563 [1988]; *see also King v 870 Riverside Dr. Hous. Dev. Fund Corp.*, 74 AD3d 494, 495 [2010]; *cf. 34-35th Corp. v 1-10 Indus. Assoc., LLC*, 16 AD3d 579, 580 [2005]).

Accordingly, the Supreme Court properly determined that a constructive eviction occurred, which suspended the defendant's obligation to pay rent (*see Johnson v Cabrera*, 246 AD2d at 579; *801 S. Fulton Ave. Corp. v Radin*, 138 AD2d at 563). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.