NICHOLAS THOMAS MARCHESE, Respondent, v GREAT NECK TERRACE ASSOCIATES, L.P., et al., Appellants, et al., Defendants. [29 NYS3d 432]—

In an action, inter alia, to recover damages for breach of the warranty of the covenant of quiet enjoyment, the defendants Great Neck Terrace Associates, L.P., Frances Calderon, and MacArthur Associates, L.P., appeal (1) from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 16, 2014, which denied the motion of Great Neck Terrace Associates, L.P., and MacArthur Associates, L.P., pursuant to CPLR 4404 (b) to set aside a decision dated February 10, 2014, made after a nonjury trial, and for judgment as a matter of law in their favor dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of a judgment of the same court dated April 16, 2014, as is in favor of the plaintiff and against the defendants Great Neck Terrace Associates, L.P., and MacArthur Associates, L.P., jointly and severally with the defendants Veronica Hecht-Marchese and Jeremy DeJesus, in the principal sum of $18,251.81, plus attorney's fees.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal by the defendant Frances Calderon from the judgment is dismissed, as that defendant is not aggrieved by the portion of the judgment appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendants Great Neck Terrace Associates, L.P., and MacArthur Associates, L.P., on the law, the motion of those

defendants pursuant to CPLR 4404 (b) to set aside the decision dated February 10, 2014, made after a nonjury trial, and for judgment as a matter of law in their favor dismissing the complaint insofar as asserted against them is granted, the complaint is dismissed insofar as asserted against those defendants, and the order dated April 16, 2014, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants Great Neck Terrace Associates, L.P., and MacArthur Associates, L.P., payable by the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 1979, the plaintiff leased a certain apartment in Great Neck. He resided there with the defendant Marion K. Hecht, also known as Marion Marchese (hereinafter Marion), and their daughter, the defendant Veronica Hecht-Marchese (hereinafter Veronica), until approximately 1985, when the plaintiff was incarcerated. Upon his release from prison in 2010, the plaintiff sought to regain possession of the apartment, which was at that time being occupied by Veronica and her boyfriend, the defendant Jeremy DeJesus (hereinafter Jeremy). Veronica and Jeremy allegedly denied the plaintiff access to the apartment. During the time the plaintiff was incarcerated, the lease remained in his name and had been continuously renewed. Veronica's name never appeared on a lease for the apartment. The plaintiff commenced this action against, among others, the defendants Great Neck Terrace Associates, L.P. (hereinafter Great Neck Terrace), which owned the premises, MacArthur Associates, L.P. (hereinafter MacArthur), which managed the building, Veronica, Jeremy, and Marion, seeking, inter alia, damages for breach of quiet enjoyment and wrongful eviction. Following a nonjury trial, the Supreme Court, among other things, found in favor of the plaintiff and against Great Neck Terrace, MacArthur, Veronica, and Jeremy, jointly and severally, and awarded damages in the amount of $18,251.81, plus attorneys fees.

"To be an eviction, constructive or actual, there must be a wrongful act by the landlord which deprives the tenant of the beneficial enjoyment or actual possession of the demised premises" (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]). An actual eviction occurs only when the

landlord wrongfully ousts the tenant from physical possession of the leased premises and there must be a physical expulsion or exclusion (*see id.*). On the other hand, constructive eviction exists where, although there has been no physical expulsion or exclusion of the tenant, the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises (*see id.*; *City of New York v Pike Realty Corp.*, 247 NY 245 [1928]). In actions to recover damages for breach of the covenant of quiet enjoyment, a tenant must show an ouster, or if the eviction is constructive, an abandonment of the premises (*see Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121 [1958]; *Genovese Drug Stores, Inc. v William Floyd Plaza, LLC*, 63 AD3d 1102, 1104 [2009]; *Witherbee Ct. Assoc. v Greene*, 7 AD3d 699, 702 [2004]).

Under the particular circumstances of this case, the facts adduced at the nonjury trial did not support the Supreme Court's determination that the plaintiff met his burden of establishing his causes of action alleging breach of the covenant of quiet enjoyment and eviction against Great Neck Terrace and Mac-Arthur. The actions of Great Neck Terrace and MacArthur did not deprive the plaintiff of the beneficial enjoyment of the apartment, nor did they deprive him of possession of the apartment. Further, they were not responsible for the plaintiff's abandonment of the apartment. Accordingly, upon the evidence adduced at trial, which failed to establish that Great Neck Terrace or MacArthur breached the covenant of quiet enjoyment or actually or constructively evicted the plaintiff, the court should have granted the motion of Great Neck Terrace and MacArthur pursuant to CPLR 4404 (b) to set aside the decision dated February 10, 2014, and for judgment as a matter of law in their favor dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the remaining contentions of Great Neck Terrace and MacArthur. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.