Great Am. Realty of E. Indus. Ct., LLC v Guzu, Inc. (2020 NY Slip Op 05492)





Great Am. Realty of E. Indus. Ct., LLC v Guzu, Inc.


2020 NY Slip Op 05492


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-10966
 (Index No. 21886/14)

[*1]Great American Realty of East Industry Court, LLC, appellant, 
v
Guzu, Inc., et al., respondents.


Mason & Mason, P.C., Garden City, NY (Michael V. Mason of counsel), for appellant.
Motlagh Law Office, P.C., Greenvale, NY (Mahsa Motlagh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of a lease and to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered July 11, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. 
ORDERED that the order is affirmed insofar as appealed from, with costs. 
In August 2012, the plaintiff, as owner, and the defendant Guzu, Inc. (hereinafter Guzu), as tenant, entered into a lease whereby the plaintiff leased commercial premises located in Deer Park to Guzu for a period of three years. The defendants Hesam Meshkat and Pano Stavrakas, principals of Guzu, personally guaranteed Guzu's obligations under the lease. In November 2014, the plaintiff commenced this action to recover damages for breach of the lease and to recover on the personal guaranty, alleging, among other things, that Guzu defaulted under the terms of the lease by failing to pay rent due thereunder. 
The plaintiff moved, inter alia, for summary judgment on the issue of liability. In opposition, the defendants argued that they were not liable for the unpaid rent, inasmuch as damage caused to the premises by Hurricane Sandy had rendered portions of the premises unusable, and that they had vacated the premises pursuant to a stipulation of settlement entered into between the parties in a prior holdover proceeding. In an order entered July 11, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and the plaintiff appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, a signed copy of the lease, which contained the personal guaranty, as well as evidence that Guzu failed to pay rent as required under the terms of the lease (see VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 615). 
In opposition, however, the defendants raised a triable issue of fact as to whether they remained liable for rent payments under the terms of the lease in light of the parties' stipulation of [*2]settlement. In addition, a triable issue of fact exists regarding the defendants' constructive eviction defense. "[A] commercial tenant may be relieved of its obligation to pay the full amount of rent due where it has been actually or constructively evicted from either the whole or a part of the leasehold" (Johnson v Cabrera, 246 AD2d 578, 578-579; see Joylaine Realty Co., LLC v Samuel, 100 AD3d 706, 706-707). "A constructive eviction occurs where 'the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises'" (Johnson v Cabrera, 246 AD2d at 579, quoting Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83; see Joylaine Realty Co., LLC v Samuel, 100 AD3d at 707). Here, the defendants' submissions raised a triable issue of fact as to whether damage to the roof of the subject premises substantially and materially deprived Guzu of the beneficial use and enjoyment of the premises, and whether the plaintiff failed to take appropriate steps to correct the condition (see 211-54 Realty Corp. v Schneider, 77 AD3d 915, 916; cf. Joylaine Realty Co., LLC v Samuel, 100 AD3d 707).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal. 
Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court