32nd Jabez Corp. v Meekang, Inc. (2021 NY Slip Op 02748)





32nd Jabez Corp. v Meekang, Inc.


2021 NY Slip Op 02748


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 653156/14 Appeal No. 13740 Case No. 2018-5145 

[*1]32nd Jabez Corp., Plaintiff-Appellant,
v
Meekang, Inc., etc., Defendant-Respondent.


Matthew Jeon, P.C., New York (Sungoh Yoo of counsel), for appellant.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 6, 2018, which, to the extent appealed from as limited by the brief, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Since defendant landlord was previously granted a judgment of possession after plaintiff tenant interposed counterclaims in a summary nonpayment proceeding but failed to appear at trial, plaintiff's claims in the instant action were properly dismissed as barred by res judicata. The claims, based on defendant's alleged conduct interfering with plaintiff's use of the leased premises and leading to its alleged constructive eviction, "bear directly upon the landlord's right to possession" and ability to collect rent (Sutton Fifty-Six Co. v Garrison, 93 AD2d 720, 722 [1st Dept 1983]; see Joylaine Realty Co., LLC v Samuel, 100 AD3d 706, 706-707 [2d Dept 2012]; compare Wheeler v Linden Plaza Preserv. LP, 172 AD3d 608, 609 [1st Dept 2019]). Contrary to plaintiff's contention, its claim for tortious interference with business arising from the impact of defendant's renovation project arises from the "same transaction or series of transactions" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
Similarly, collateral estoppel also applies to bar plaintiff's claims, as the housing court "necessarily decided that [plaintiff] remained in possession" (Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 221-222 [1st Dept 2006]), and that the eviction was lawful (Bell v Alden Owners, 299 AD2d 207, 208 [1st Dept 2002], lv denied 100 NY2d 506 [2003]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021