Diversified Bldg. Co., LLC v Nader Enters., LLC (2025 NY Slip Op 06047)

Diversified Bldg. Co., LLC v Nader Enters., LLC

2025 NY Slip Op 06047

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-07535
 (Index No. 601997/21)

[*1]Diversified Building Co., LLC, etc., respondent,
v
Nader Enterprises, LLC, appellant.

White, Cirrito, Nally & Lynch, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for appellant.
Gleich, Farkas & Emouna LLP, Great Neck, NY (Lawrence W. Farkas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the defendant appeals from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated September 2, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss the defendant's second, third, and sixth through ninth affirmative defenses and pursuant to CPLR 3211(a) to dismiss the second, third, and fourth counterclaims and so much of the first counterclaim as pertained to the rental of parking spaces.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss the defendant's second, third, sixth, and ninth affirmative defenses and pursuant to CPLR 3211(a) to dismiss the second and third counterclaims, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2003, the defendant began to lease from the plaintiff certain real property that the defendant used as a parking lot. In December 2020, the plaintiff sent the defendant a notice of default and lease cancellation, alleging that the defendant failed to provide proof of insurance coverage and to pay rent. Thereafter, the defendant continued to occupy the parking lot.
The plaintiff commenced this action for ejectment and to recover unpaid rent and damages for use and occupancy. The defendant interposed an answer in which it asserted various affirmative defenses and counterclaims. A number of the affirmative defenses and counterclaims stemmed from the plaintiff's actions in renting out certain parking spaces within the parking lot to third parties (hereinafter the subject parking spaces), a fact that the plaintiff acknowledged.
The plaintiff moved, inter alia, pursuant to CPLR 3211(b) to dismiss the defendant's second, third, and sixth through ninth affirmative defenses and pursuant to CPLR 3211(a) to dismiss the second, third, and fourth counterclaims and so much of the first counterclaim as pertained to the rental of the subject parking spaces. In an order dated September 2, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
CPLR 3211(b) provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." "When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses 'are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense'" (Shah v Mitra, 171 AD3d 971, 974, quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748). "'On a motion pursuant to CPLR 3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7), and the factual assertions of the defense will be accepted as true'" (id., quoting Wells Fargo Bank, N.A. v Rios, 160 AD3d 912, 913). "'Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed'" (id.).
Initially, contrary to the Supreme Court's determination, the defendant was not barred by the doctrine of collateral estoppel from asserting affirmative defenses and counterclaims regarding the subject parking spaces, which was not an issue that was raised in the parties' prior nonpayment proceeding (see Calixte v City of New York, 207 AD3d 431, 431; Matter of Arcamone-Makinano v Perlmutter, 196 AD3d 479, 480).
With respect to the defendant's second affirmative defense, alleging failure to state a cause of action, the defendant is correct that "no motion lies under CPLR 3211(b) to strike this affirmative defense as this amounts to an endeavor by the plaintiff to test the sufficiency of [its] own claim" (Lewis v US Bank N.A., 186 AD3d 694, 697; see Butler v Catinella, 58 AD3d 145, 150). Although the defendant's argument is raised for the first time on appeal, this Court may review the argument because it presents a pure question of law appearing on the face of the record that could not have been avoided had it been raised at the proper juncture (see Rogers v Peter Scalamandre & Sons, Inc., 231 AD3d 1174, 1177). Thus, that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendant's second affirmative defense should have been denied.
The Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendant's third affirmative defense, alleging waiver. Waiver "is the voluntary and intentional relinquishment of a contract right" (Stassa v Stassa, 123 AD3d 804, 805). The only argument advanced by the plaintiff to dismiss the defendant's affirmative defense based on waiver was that the parties' lease contained a nonwaiver clause. However, although waiver should not be lightly presumed, a nonwaiver provision of a lease "does not preclude a finding of waiver" (Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC, 191 AD3d 857, 863). Accordingly, the plaintiff's cursory argument did not meet the plaintiff's burden to demonstrate that the affirmative defense of waiver was without merit as a matter of law.
The Supreme Court also erred in granting those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss both of the defendant's affirmative defenses that were styled as the sixth affirmative defense—one based on constructive eviction, and the other based on, in substance, breach of the covenant of quiet enjoyment.
"To be an eviction, constructive or actual, there must be a wrongful act by the landlord which deprives the tenant of the beneficial enjoyment or actual possession of the demised premises" (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82). "[C]onstructive eviction exists where, although there has been no physical expulsion or exclusion of the tenant, the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises" (id. at 83; see Joylaine Realty Co., LLC v Samuel, 100 AD3d 706, 706-707).
"[I]n order to claim that there was a constructive eviction," the tenant must abandon possession of the subject premises (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d at 83). However, "[a] commercial tenant may be relieved of its obligation to pay the full amount of rent due where it has been actually or constructively evicted from either the whole or a part of the leasehold" (Great Am. Realty of E. Indus. Ct., LLC v Guzu, Inc., 187 AD3d 719, 720 [emphasis added and internal quotation marks omitted]; see Joylaine Realty Co., LLC v Samuel, 100 AD3d at 706-707; Johnson v Cabrera, 246 AD2d 578, 579). Here, the defendant set forth sufficient allegations to state [*2]an affirmative defense based upon a partial constructive eviction with respect to the subject parking spaces (cf. Whaling Willie's Roadhouse Grill, Inc. v Sea Gulls Partners, Inc., 17 AD3d 453, 454). Furthermore, under the circumstances, the plaintiff did not demonstrate that such a defense was without merit as a matter of law.
"To establish a breach of the covenant of quiet enjoyment, a tenant must show actual or constructive eviction" (34-35th Corp. v 1-10 Indus. Assoc., LLC, 16 AD3d 579, 580). Thus, "[i]n actions to recover damages for breach of the covenant of quiet enjoyment, a tenant must show an ouster, or if the eviction is constructive, an abandonment of the premises" (Marchese v Great Neck Terrace Assoc., L.P., 138 AD3d 698, 700). Here, the plaintiff failed to demonstrate as a matter of law that the defendant had not been actually or constructively partially evicted from the part of its leasehold that was comprised of the subject parking spaces. Although "not every intrusion amounts to an eviction which warrants a full rent abatement" (Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 622), the plaintiff did not establish that its intrusion did not "interfere in some, more than trivial, manner with [the defendant's] use and enjoyment of the premises" (id. at 623).
The Supreme Court also erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendant's ninth affirmative defense, alleging improper notice of default. We note that a written assignment of the lease to the defendant was not made a part of the parties' motion papers or the record on this appeal. Nonetheless, the lease agreement required that any changes to its terms were to be in writing and, similarly, that any variation to its "terms, obligation or conditions" were not valid "unless signed by the parties."
Under the circumstances, neither party demonstrated which of the defendant's purported addresses was the proper one for the purposes of mailing a notice of default, as no evidence was presented that the parties agreed on an address in writing, and the defendant's address was not otherwise included in the terms of the original lease agreement. Since the right to terminate the tenancy pursuant to the terms of the lease agreement was dependent upon proper service of an adequate notice of default (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787), and the plaintiff failed to establish that its notice of default was properly sent as a matter law, the Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendant's ninth affirmative defense (cf. NY Kids Club 125 5th Ave., LLC v Three Kings, LLC, 133 AD3d 580, 580).
The Supreme Court also erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the second counterclaim, alleging trespass (see generally Shrage v Con Edison Co., 216 AD3d 1023, 1025). Notably, a party may be held liable for trespass in advising or directing a third party to enter onto the land of another (see Ketcham v Newman, 141 NY 205, 208), which is the substance of the defendant's allegations with respect to the subject parking spaces.
Contrary to the plaintiff's contention, the Supreme Court also erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the third counterclaim, alleging breach of contract. The plaintiff failed to establish, prima facie, that this counterclaim was barred by the statute of limitations (see Fairlane Fin. Corp. v Scipione, 174 AD3d 577, 577-578; see also Garron v Bristol House, Inc., 162 AD3d 857, 858-859).
However, the Supreme Court did not err in granting those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss the defendant's seventh and eighth affirmative defenses, alleging, in effect, impossibility and frustration of purpose, respectively, and pursuant to CPLR 3211(a) to dismiss the fourth counterclaim, alleging breach of the implied covenant of good faith and fair dealing (see Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 410; Singh v T-Mobile, 232 AD3d 662, 665).
Furthermore, the Supreme Court did not err in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss so much of the first counterclaim, alleging unjust enrichment, as pertained to the rental of the subject parking spaces. The existence of a valid [*3]contract between the parties, namely, the lease agreement, precludes recovery in quasi contract for events arising out of the same subject matter (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 961; Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 758-759).
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court