Bren-el Realty LLC v Planetarium Travels Inc. (2026 NY Slip Op 00830)

Bren-el Realty LLC v Planetarium Travels Inc.

2026 NY Slip Op 00830

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 160299/22|Appeal No. 5851|Case No. 2025-03450|

[*1]Bren-el Realty LLC, Plaintiff-Appellant-Respondent,
vPlanetarium Travels Inc., et al., Defendants-Respondents-Appellants.

Belkin, Burden, Goldman, LLP, New York (Peter Kane of counsel), for appellant-respondent.
Law Offices of Hariri & Associates, New York (Ronald D. Hariri of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about May 1, 2025, which granted that part of plaintiff-landlord's motion under CPLR 3212 for summary judgment as to liability on its first and second claims for breach of the lease and guaranty and for dismissal of defendant-tenant and guarantors' affirmative defenses, first counterclaim for failure to make repairs, and third counterclaim for tenant harassment, and denied that part of plaintiff's motion seeking dismissal of defendants' second counterclaim for constructive eviction, unanimously modified, on the law, to deny the motion with respect to defendants' first counterclaim for failure to make repairs, their first affirmative defense for failure to state a claim, their sixth affirmative defense for breach of the lease, their eighth affirmative defense for constructive eviction, and their tenth affirmative defense based on the plaintiff's bad faith failure to make repairs, and the counterclaim and those affirmative defenses reinstated, and otherwise affirmed, without costs.
The motion court properly granted summary judgment to plaintiff-landlord on its first and second causes of action under the lease and guaranty as to liability only, and properly declined to determine as a matter of law that it was entitled to its attorneys' fees (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]). Although the landlord established that defendant-tenant stopped paying rent and additional rent in or about April 2020, the landlord did not establish as a matter of law what amounts were due and owing, as its submissions did not appear to account for the application of the tenant's security deposit, nor did the evidence resolve defendants' dispute as to certain other charges, requiring further proceedings on damages (558 Seventh Ave. Corp., 194 AD3d at 562). As discussed below, tenant's constructive eviction claim may result in an offset to the amounts due to landlord. Contrary to defendants' contention, the affidavit of landlord's agent sufficiently identified the lease containing the guaranty terms, as the existence of the lease is not genuinely in dispute (see e.g. Acevedo v Audubon Mgt., 280 AD2d 91, 95 [1st Dept 2001]).
Article 4 of the lease required landlord to maintain the premises and make structural repairs, and its failure to do so entitled defendant-tenant to counterclaim for breach of the lease. Because the landlord did not eliminate questions of fact surrounding the cause of the ceiling collapse and the resultant mold condition, alleged by defendants to have resulted from roof and/or plumbing leaks, the first counterclaim seeking damages for failure to make repairs and the sixth affirmative defense asserting the landlord's breach of the lease should not have been dismissed.
Although the first counterclaim refers to the warranty of habitability, which does not apply to commercial premises, a commercial tenant is entitled to premises that are fit for their stated use (see Second on Second Cafe, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 256 [1st Dept 2009]). Landlord did not attempt to rebut the evidence submitted by tenant, including emails, photographs, and mold reports, demonstrating that landlord was on notice of the ongoing leaks in tenant's office from 2018 through 2020; that landlord failed to abate the condition permanently, causing the ceiling to collapse in late February, prior to the issue of COVID-19 Executive Orders directing business closures in New York State; and that thereafter, landlord failed to make repairs for eight months while portions of the premises remained unusable and infested with mold. Accordingly, the landlord failed to eliminate questions of fact relating to the tenant's entitlement to damages for breach of article 4 of the lease.
The motion court properly sustained the second counterclaim sounding in constructive eviction (see Johnson v Cabrera, 246 AD2d 578, 579 [2d Dept 1998]), and should not have dismissed the corresponding eighth affirmative defense. Because landlord failed to submit an affidavit from a party with knowledge addressing any of the foregoing conditions, questions of fact remain as to whether and to what extent tenant was partially constructively evicted. The record does not otherwise resolve the question of whether the ceiling collapse triggered the casualty provisions of article 9 of the lease, which governs landlord's duty to repair and tenant's right to suspend rent (see e.g. Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 472 [2004] [article 9 casualty provision applied where "a wall . . . adjacent to the leased premises . . . collapsed"]). Accordingly, further proceedings are required to compile a factual record.
The third counterclaim for commercial tenant harassment was properly dismissed, albeit for a different reason than stated by the motion court. Administrative Code of the City of New York § 22-902(a)(14) prohibits a landlord from engaging in commercial tenant harassment, including "attempting to enforce a personal liability provision that the landlord knows or reasonably should know is not enforceable pursuant to section 22-1005 of the code." Administrative Code § 22-1005 constitutes the "guaranty law," which provides that a natural person guarantor's obligations are not enforceable for defaults occurring within the statutory period of March 7, 2020 through June 30, 2021, if the tenant was required to close its business under executive order 202.3 (covering on-site food or beverage service), 202.6 (covering retail establishments), or 202.7 (covering personal care services).
Defendants assert on appeal that the tenant's travel agency was closed under Executive Order (A. Cuomo) 202.8 (9 NYCRR 8.202.8). However, because closures under that executive order do not fall within the ambit of the guaranty law, the guarantor's liability here is not affected by it (see e.g. Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536, 538 [1st Dept 2022] ["while the spirit of the law would appear to include the guarantor, the letter of the law does not include him"]). As a result, there could not have been any tenant harassment arising under Admin Code § 22-902(a)(14), requiring dismissal of the third counterclaim and eleventh affirmative defense asserting the protections of the guaranty law.
Finally, the motion court should not have dismissed the affirmative defenses asserting failure to state a claim, breach of lease and bad faith failure to make repairs. An affirmative defense asserting the failure to state a claim is generally regarded as mere surplusage and its dismissal proper "only if all the other affirmative defenses are found to be legally insufficient" (Tribbs v 326-338 E 100th LLC, 215 AD3d 480, 482 [1st Dept 2023] [internal quotation marks omitted]). The affirmative defense asserting the landlord's breach of lease remains viable for the same reasons discussed above. Because of the landlord's failure to address any of the facts and circumstances relating to the ceiling collapse, there was no basis to dismiss the affirmative defense asserting the landlord's bad faith neglect of the condition in tenant's premises.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026