■ KRU, Inc., Doing Business as Kids "R" Us, Respondent, v 1000 Massapequa, Inc., et al., Appellants. [656 NYS2d 47] —In an action, *inter alia,* for a judgment declaring that the plaintiff is entitled (1) to an abatement of all rents already paid to the defendants under a lease, and (2) to withhold payments of all future rents until the defendants comply with provisions of the lease which provide that the plaintiff would have access to a loading dock located at the rear of the leased premises, the defendants appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated June 19, 1996, which denied their motion, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by adding thereto a provision searching the record and awarding partial summary judgment to the plaintiff on the issue of partial constructive eviction; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendants Bob Roberts and Lucille Roberts are the fee owners of a parcel of property located in Massapequa. They leased the premises to the defendant 1000 Massapequa, Inc., which, in turn, subleased the premises under a "Shopping Center Master Agreement of Lease" (hereinafter the sublease), dated November 1, 1989, to Toys "R" Us—Nytex, Inc. (hereinafter Nytex). The plaintiff KRU, Inc., d/b/a Kids "R" Us, is the sublessee of Nytex. The sublease required the plaintiff, *inter alia,* to accept all deliveries at the loading dock located at the rear of the premises. Since the service road, which crossed over land owned by the adjoining landowner, was the only access to the loading dock at the rear of the premises, the plaintiff's delivery trucks utilized the service road for access to the loading dock, where the merchandise was loaded and unloaded. However, when the adjoining landowner constructed a steel chain link fence on the property line, the plaintiff no longer had access to the loading dock. As a result, the plaintiff brought this action in which it alleged, among other things, that it had been constructively evicted from a portion of the property, that the defendants were in breach of the sublease, and that no money was owed to the defendants until the problem of access to the rear loading dock was resolved. On appeal, the defendants challenge the court's denial of their motion for summary judgment dismissing the complaint, and for summary judgment on their counterclaims for, among other relief, the full amount of the rent and maintenance charges.

The defendants contend that, since the plaintiff failed to include a condition in the contract which provided for guaranteed access to the rear loading dock, such a condition may not be imputed to the lease. However, "[t]hat a particular provision has not been expressly stated in a contract does not necessarily mean that no such covenant exists" (*Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 69). The whole writing may be "instinct with obligation", imperfectly expressed (*Heard v Cuomo,* 80 NY2d 684, 689; *Wood v Duff-Gordon,* 222 NY 88, 91). In this case, section 8 (i) (e) of the sublease expressly required the plaintiff to make "all truck deliveries" at the rear of the premises. Section 8 (i) (j) of the sublease provided that neither the landlord nor the tenant would "permit the parking of delivery vehicles so as to interfere with the use of any driveway, walk, parking area, or other Common Areas", except that the tenant may "use the loading and unloading facilities in the area designated on the Site Plan", that is, the rear loading dock. Pursuant to these sublease provisions, the defendants, in effect, guaranteed the plaintiff access to the rear loading dock. Accordingly, since the defendants failed to come forward with admissible evidence to establish entitlement to judgment as a matter of law, the court properly denied their motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

Although the plaintiff was not physically barred from using the area in question, it was unable to use it as a loading dock from the time the fence was constructed, and was constructively evicted from that part of its leasehold (*see, Oresky v Azzouni,* 232 AD2d 463). Furthermore, the defendants had been given an opportunity to negotiate with the adjacent property owners for continued use of their property for access to the rear loading dock. The defendants' failure to protect the plaintiff's access to the only area permitted by the lease for loading and unloading merchandise was a breach of their obligation to the plaintiff under the lease. Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.