OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and matter remanded to the court below for an assessment of damages.
In this commercial nonpayment proceeding, the court awarded tenant a 25% abatement of the rent. On this appeal and cross appeal, landlord seeks to modify the judgment by striking the abatement, contending that there was no eviction of tenant and no proof of damages, and tenant seeks to modify the judgment by providing that the abatement shall continue prospectively.
In our view, there has been a partial constructive eviction of the tenant. Section 1.0 of the lease provides that the tenant was entitled to 20 parking spaces which were specifically delineated by a sketch incorporated into the lease and that “Landlord agrees that other tenant’s use of parking facilities will not interfere with Tenant’s access to the leased premises.” The tenant’s president testified that when his company first took possession, five of the parking spaces were not useable. The landlord subsequently leased another part of the premises to a new tenant which constructed its own loading dock. This left the tenant herein with only eight useable parking spaces and severely limited the access of trucks making deliveries to tenant’s own loading dock.
Although the tenant was not physically barred from using the area in question, its access to its loading dock and the *316 availability of more than one half of its parking spaces was severely restricted by the other tenant’s loading dock and truck deliveries. The landlord’s failure to protect the tenant’s access for loading and unloading of trucks making deliveries and for its parking spaces was a breach of its obligation to the tenant under the lease and a partial constructive eviction (KRU, Inc. v 1000 Massapequa, 238 AD2d 314).
While it is no longer necessary to introduce expert testimony to establish the diminution in the value of residential premises (Real Property Law § 235-b [3]; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329-330), such proof is still required in the commercial context (see, 487 Elmwood v Hassett, 107 AD2d 285; Smith v Pet Port Corp., NYLJ, June 2, 1999, at 35, col 1 [App Term, 9th & 10th Jud Dists]). Since no such proof was presented here, the matter is remanded for an assessment of damages with respect to the amount of the abatement due tenant.
Finally, it is noted that the court lacked the authority to enter a judgment containing a prospective abatement of rent, inasmuch as such directions are in the nature of injunctive relief and the granting of such relief is beyond the jurisdiction of the City Court (UCCA 209 [b]; Oberlander v Taylor, NYLJ, Apr. 8, 1997, at 35, col 3 [App Term, 9th & 10th Jud Dists]).
Floyd, P. J., Doyle and Colabella, JJ., concur.