555 & 561 Gates, LLC v Hamadov (2020 NY Slip Op 50934(U))

[*1]

555 & 561 Gates, LLC v Hamadov

2020 NY Slip Op 50934(U) [68 Misc 3d 128(A)]

Decided on August 7, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 7, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2018-1328 K C

555 & 561 Gates, LLC, Appellant,
against
Abdouyle Hamadov, Respondent, et al., Undertenants.

Lazarus, Karp & Kalamotousakis, LLP (Charles J. Seigal of counsel), for appellant.
RiseBoro/Leap (Kinshasa Hillery of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc
Finkelstein, J.), dated June 18, 2018. The order conditionally granted tenant's motion to be
restored to possession in a nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs. 
In granting tenant's motion to be restored to possession in this nonpayment proceeding, the
Civil Court did not improvidently exercise its discretion in excusing—conditioned upon
tenant's payment of all arrears, current rent, and landlord's legal and marshal fees—the
15-year rent-stabilized tenant's de minimis and inadvertent default in paying landlord the rent
arrears, since the delays had primarily been caused by the New York City Human Resources
Administration (see Elmback Owners,
LLC v Newbold, 59 Misc 3d 136[A], 2018 NY Slip Op 50518[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2018]; Mack-Cali So. W. Realty Assoc., LLC v Benni's I, LLC, 13 Misc 3d
135[A], 2006 NY Slip Op 52038[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006];
576 Realty Corp. v Sneed, 6 Misc
3d 127[A], 2004 NY Slip Op 51686[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2004]).
Moreover, we reject landlord's contention that the court improvidently exercised its
discretion in not also conditioning restoration upon tenant's payment of landlord's unspecified,
undocumented costs for renovating the apartment shortly after tenant had been evicted, or upon
allowing landlord to increase the rent based on individual apartment improvements, as, contrary
[*2]to landlord's contention, in the circumstances presented, it
was not "grossly inequitable" to not condition restoration upon tenant's payment of the
renovation costs. In addition, to the extent that landlord sought prospective relief, the Civil Court
does not have the power to prospectively order a rent increase, as ordering a future rent increase
is declaratory or injunctive in nature (see
Winthrop Realty, LLC v Menal, 21 Misc 3d 141[A], 2008 NY Slip Op 52383[U] [App
Term, 2d Dept, 2d & 11th Jud Dists 2008]; see e.g. World Realty Corp. v Consumer Sales, Inc., 9 Misc 3d
136[A], 2005 NY Slip Op 51696[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005];
Arbern Realty Co. v Clay Craft Planters Co., 188 Misc 2d 314 [App Term, 2d Dept, 9th
& 10th Jud Dists 2001]).
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 7, 2020