618 Park Place, LLC v Huff (2021 NY Slip Op 50157(U))

[*1]

618 Park Place, LLC v Huff

2021 NY Slip Op 50157(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1015 K C

618 Park Place, LLC, Appellant,
against
Niasia Huff, Respondent, et al., Undertenant.

Butnick & Levenson, LLP (Noah E. Levinson of counsel), for appellant.
The Legal Aid Society (Scott Stamper and Janet Sabel of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Kings County, entered June
8, 2018 (Cheryl J. Gonzales, J.), June 19, 2018 (Bruce E. Scheckowitz, J.), and June 28, 2018
(Cheryl J. Gonzales, J.), respectively. The order entered June 8, 2018, in effect, granted tenant's
motion to be restored to possession of an apartment on condition that tenant pay the outstanding
balance of $8,329.74 by June 22, 2018 in a nonpayment summary proceeding. The order entered
June 19, 2018 granted tenant's motion to, in effect, direct landlord to accept tenant's payment of
the outstanding balance as set forth in the June 8, 2018 order. The order entered June 28, 2018
sua sponte directed landlord to restore tenant's toilet and restore all running water to the
bathroom of the apartment.

ORDERED that the appeal from the order entered June 28, 2018 is dismissed on the ground
that no appeal as of right lies from a sua sponte order (see CCA 1702 [a] [2]; CPLR
2211; Sholes v Meagher, 100 NY2d 333 [2003]), and leave to appeal has not been
granted; and it is further,
ORDERED that the orders entered June 8, 2018 and June 19, 2018 are affirmed, without
costs.
In granting tenant's motion to be restored to possession in this nonpayment proceeding, the
Civil Court did not improvidently exercise its discretion in excusing—conditioned upon
tenant's payment of $8,329.74—the 20-year rent-stabilized tenant's default in paying
landlord the rent arrears (see 555 &
561 Gates, LLC v Hamadov, 68 Misc 3d 128[A], 2020 NY Slip Op 50934[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Elmback Owners, LLC v Newbold, 59 Misc 3d 136[A], 2018 NY
Slip Op 50518[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Moreover, under the circumstances presented, we reject landlord's contention that the [*2]court improvidently exercised its discretion in not also conditioning
restoration upon tenant's payment of landlord's undocumented costs for renovating the apartment
shortly after tenant had been evicted. To the extent that landlord sought a rent increase based on
individual apartment improvements, the Civil Court does not have the power to prospectively
order a rent increase, as ordering a future rent increase is declaratory or injunctive in nature (see 555 & 561 Gates, LLC v
Hamadov, 68 Misc 3d 128[A], 2020 NY Slip Op 50934[U]; Winthrop Realty, LLC v Menal, 21
Misc 3d 141[A], 2008 NY Slip Op 52383[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2008]).
Accordingly, the orders entered June 8, 2018 and June 19, 2018 are affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021