486 Bklyn Realty, LLC v Charles (2021 NY Slip Op 50155(U))

[*1]

486 Bklyn Realty, LLC v Charles

2021 NY Slip Op 50155(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-2255 K C

486 Bklyn Realty, LLC, Appellant,
against
Mary Louise Charles, Respondent, et al., Undertenants.

Kaufman, Friedman, Plotnicki & Grun, LLP (Ari R. Grun of counsel), for appellant.
Ellery Ireland, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora
Ofshtein, J.), entered October 3, 2018. The order, insofar as appealed from, upon renewal,
adhered to the determination in an order of that court dated January 2, 2018 granting tenant's
prior motion to vacate a stipulation and a final judgment of that court entered July 19, 2017
pursuant thereto, and granted tenant's cross motion for leave to conduct discovery, in a
nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, upon
renewal, tenant's motion to vacate the stipulation and final judgment is denied, and tenant's cross
motion for leave to conduct discovery is denied as moot.
In this nonpayment proceeding, the parties, while tenant was appearing pro se, entered into a
so-ordered stipulation of settlement in which they agreed that landlord would be awarded a final
judgment of possession and the sum of $9,500. A final judgment was entered on July 19, 2017 in
accordance with the stipulation. In September of 2017, tenant moved to vacate the stipulation and
final judgment on the ground that she had inadvertently waived the meritorious defense that her
apartment had been illegally deregulated. By order dated January 2, 2018, the Civil Court granted
that motion. Landlord moved for leave to renew its opposition to tenant's motion to vacate the
stipulation and final judgment and, upon renewal, for the denial of that motion based upon a
change in the law. Tenant opposed landlord's motion and cross-moved for leave to conduct
discovery relating to the alleged high-rent deregulation of the apartment.
Landlord appeals from so much of an order of the Civil Court dated October 3, 2018 as,
upon granting the branch of landlord's motion seeking leave to renew its opposition to tenant's
prior motion, adhered to the determination in the prior order granting tenant's motion to vacate
the stipulation and the final judgment entered pursuant thereto because "the rent regulatory status
[*2]of this apartment is still in dispute" and directed landlord to
produce "those documents that pertain to the subject unit and which are not public record, are not
freely available to either side from DHCR, and are not within the control of Respondent."
Tenant argues that the deregulation of the unit was improper because the permissible
increases did not bring the rent for the subject apartment above the high-rent vacancy decontrol
threshold in effect at the relevant time (see Rent Stabilization Law of 1969
[Administrative Code of City of NY] former § 26-504.2 [a]). It is undisputed that, in
addition to a vacancy increase and a long-term prior tenant increase, landlord relied upon a
$1,300 individual apartment improvement (IAI) increase to bring the rent above the threshold.
Tenant argues that, in order to justify an IAI increase of $1,300, landlord would have had to have
made approximately $50,000 worth of repairs to the apartment. In opposition to landlord's
motion, tenant described conditions in the apartment, seeking to demonstrate that any repairs and
updates that may have been made could not have cost $50,000.
Upon a review of the motion papers, we find that tenant has not demonstrated that her
defense has potential merit (cf. Matter of Boyd v New York State Div. of Hous. &
Community Renewal, 23 NY3d 999 [2014], revg 110 AD3d 594 [2013]).
Accordingly, the order, insofar as appealed from, is reversed, upon renewal, tenant's motion
to vacate the stipulation and final judgment is denied, and tenant's cross motion for leave to
conduct discovery is denied as moot.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021