not be made before issue joined, only to enable the plaintiff to insert the ad damnum in his complaint. Taylor v. Ribbon Co., 38 App. Div. 144, 56 N. Y. Supp. 667. As the court said in the case cited: "There is no rule of pleading requiring that to be stated with accuracy. The plaintiff may name an arbitrary amount, and recover within it."

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

## WITHERBEE v. TAFT.

(Supreme Court, Appellate Division, Third Department. January 23, 1900.)

APPEAL—FAILURE TO SETTLE CASE.
> Where the case on appeal was not settled by the trial justice, or ordered to be filed, it will be sent back for completion.

Appeal from trial term.

Action by Richard M. Witherbee against Andrew J. Taft. From a judgment for plaintiff, defendant appeals. Case sent back for settlement and certification.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

O. A. Dennis, for appellant.
J. Sanford Potter, for respondent.

PER CURIAM. We are called upon in this case to consider the evidence given before the trial court. There is, however, no proof before us that a case containing the evidence has ever been settled by the trial justice or ordered to be filed. The return filed in this court shows no such settlement. The printed papers handed up purport to contain a case and exceptions, but they do not appear to have been settled or signed by the trial justice, as required by the rules and practice of the court. Evidently it is not the object of either party to have the appeal disposed of on the judgment roll alone.

Case sent back for proper settlement and certification.

(47 App. Div. 447.)

## BELLEW v. NEW YORK, W. & C. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. January 16, 1900.)

STREET RAILROADS—RIGHTS IN STREET—ABUTTING OWNER—CONSENT.
> Where an abutting owner upon a street had given consent to the construction of a railroad, such consent, so far as his special property right was affected, operated to make the construction of the road lawful as to him; and hence he was not entitled to a preliminary injunction to restrain the construction.

Appeal from special term, Dutchess county.

Action by Robert J. Bellew against New York, Westchester & Connecticut Traction Company. From an order continuing a preliminary injunction during the pendency of the action, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

James C. Church, for appellant.

Alexander Cameron, for respondent.

PER CURIAM. The plaintiff is an abutting property owner upon the street where the defendant is engaged in constructing its railroad, and he seeks by this action to restrain such construction. In order to entitle the plaintiff to an injunction, he must show that the act of the defendant will inflict some special injury upon his rights. Milhau v. Sharp, 27 N. Y. 611. And an injunction will not be granted at the instance of a property owner, except so far as it is necessary to prevent interference with the special right of which the party is possessed. Beekman v. Railroad Co., 13 App. Div. 279, 43 N. Y. Supp. 174. In the present case it appeared that the plaintiff had given his consent to the construction of the defendant's railroad. So far, therefore, as his special property right is affected, such consent operated to make the act of the defendant, as to him, lawful. At least, it is so far to be regarded as conferring upon the defendant a legal right to construct its railroad as to deny to the plaintiff the right to a preliminary injunction, as prima facie he would not be entitled to relief. That the defendant is in possession of such consent does not appear to be disputed by the moving party. So far as Horan's affidavit is concerned, as to this subject, it is purely hearsay testimony. It should therefore be disregarded. For these reasons the order should be reversed, and the injunction dissolved.

Order reversed, and injunction dissolved, with $10 costs and disbursements.