OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs in this action for broker’s commissions are licensed real estate brokers: plaintiff Sidro Realty Corp. (Sidro) and its president, Sidney Roberts (Roberts), are licensed as a real estate broker under the laws of the State of New York, and plaintiff Norman Novic (Novic) is licensed under the laws of the State of New Jersey.
The defendants now move for summary judgment dismiss *619 ing the complaint on the ground that as a matter of law the alleged oral brokerage agreement is unenforceable, because one of the cobrokers is not licensed as a real estate broker in New York State. They rely upon Real Property Law § 442-d, which provides that "No person, copartnership or corporation shall bring or maintain an action * * * for the recovery of compensation for services rendered * * * in the %* * selling * * * [of] any real estate without alleging and proving that such person was a duly licensed real estate broker * * * on the date when the alleged cause of action arose.”
The case upon which the defendants primarily rely is NFS Servs. v West 73rd St. Assocs. (102 AD2d 388 [1st Dept 1984]). There, neither the broker who contracted to find a buyer, nor the assignee of the broker’s rights under the contract, was licensed as a broker by the State of New York. The First Department noted that neither the plaintiff nor its assignor had a New York real estate broker’s license, and held that "the clear import of section 442-d of the Real Property Law operates to bar an unlicensed broker from commencing or maintaining an action to recover real estate brokerage commissions” (supra, at 391).
Also relied upon is Brandenburger & Marx v Heimberg (34 NYS2d 935 [Mun Ct 1942]) in which one of a team of cobrokers suing for real estate broker commissions was not a licensed real estate broker or salesman. That court dismissed the action, holding that since the unlicensed broker could not alone have enforced the agreement, the cobrokership similarly could not.
The one circumstance distinguishing the present dispute from these cited cases is that here the cobrokership arrangement was of a type explicitly approved by the Legislature in Real Property Law § 442. That provision permits a New York licensed broker to split real estate commissions with a real estate broker licensed in another State.
I agree with the plaintiffs’ position: the defendants’ interpretation of Real Property Law § 442-d is unnecessarily broad, such as would eviscerate the related section 442 by precluding brokers who have lawfully entered into a cobrokership arrangement under the latter provision from enforcing in court their rights to broker’s commissions.
Accordingly, the defendants’ motion is denied.