■ ANTHONY SAPP et al., Appellants, v THE PROPELLER COMPANY LLC et al., Respondents. (And a Third-Party Action.) [772 NYS2d 515]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered August 27, 2003, which, to the extent appealed from as limited by the brief, denied plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

An actual eviction occurs when a landlord wrongfully ousts a tenant from physical possession of the leased premises (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]). Although plaintiff tenants demonstrated that, for some unspecified period following a fire, defendant landlords padlocked the building in which plaintiffs had leased premises, there are triable issues of fact as to whether the premises in question were usable at the time plaintiffs were locked out and whether defendants' action had a lawful basis.

This question is not resolved by the prior finding of the Civil Court in a holdover proceeding brought by defendant Propeller against another tenant of the same building, that the fire damage was insufficient to provide a reasonable basis for Propeller's decision to demolish or rebuild the building. Invocation of the doctrine of collateral estoppel is inappropriate because there was no identity of issue (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]). Unlike the issue before the Civil Court, the question before the motion court was whether, in the weeks immediately following the fire, defendants had a lawful basis for denying plaintiffs unrestricted entry into the building.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.