■ WHALING WILLIE'S ROADHOUSE GRILL, INC., Appellant, v SEA GULLS PARTNERS, INC., et al., Respondents. [793 NYS2d 124]—

In an action, inter alia, for a judgment declaring that the defendant Sea Gulls, LLC, effected an actual, partial eviction of the plaintiff from certain premises in violation of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 13, 2004, as denied those branches of its motion which were for summary judgment on its eighth, ninth, eleventh, twelfth, and fifteenth causes of action, and, in effect, granted the motion of the defendants Sea Gulls Partners, Inc., and Sea Gulls, LLC, to direct it to pay all past and future rent allegedly due and owing to the extent of directing it to deposit such rental payments into the court.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting the motion of the defendants Sea Gulls Partners, Inc., and Sea Gulls, LLC, to direct the plaintiff to pay all past and future rent allegedly due and owing to the extent of directing the plaintiff to deposit all such rental payments into the court and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

An actual eviction occurs when a landlord wrongfully ousts a tenant from physical possession of the demised premises (*see Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 82-83 [1970]; *Sapp v Propeller Co.,* 5 AD3d 181, 182 [2004]). Where the tenant is ousted from only a portion of the demised premises, the eviction may still be considered actual, if only partial, and suspend the tenant's obligation to pay rent (*see Barash v Pennsylvania Term. Real Estate Corp., supra* at 83-84; *Johnson v Cabrera,* 246 AD2d 578 [1998]; *Union City Union Suit Co. v Miller,* 162 AD2d 101 [1990]). Here, the plaintiff sustained its initial burden of demonstrating its entitlement to

judgment as a matter of law on its causes of action predicated upon partial actual eviction by submitting evidence that it had been effectively ousted from certain parking areas which it was entitled to use under the lease (*see Appliance Giant, Inc. v Columbia 90 Assoc., LLC*, 8 AD3d 932 [2004]; *487 Elmwood v Hassett*, 107 AD2d 285 [1985]; *Arbern Realty Co. v Clay Craft Planters Co.*, 188 Misc 2d 314 [2001]). However, the evidence submitted by the defendants in opposition raised an issue of fact as to whether the plaintiff had indeed been ousted from the subject parking areas (*see Matter of Scolamiero v Cincotta*, 128 AD2d 224 [1987]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on its eighth, ninth, eleventh, twelfth, and fifteenth causes of action, which were predicated upon partial actual eviction.

Under the circumstances of this case, it was improper for the Supreme Court to direct the plaintiff to deposit the full amount of all past and future rent allegedly due and owing into the court.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.