■ Jay Goldman Master Limited Partnership, Appellant-Respondent, v 53rd Street and Madison Avenue Tower Development LLC, Respondent-Appellant. [896 NYS2d 45]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered November 13, 2009, which, insofar as appealed from, granted plaintiff tenant's motion for a *Yellowstone* injunction only in connection with its claim that defendant owner had not substantially and timely completed the "Owner's Initial Work" (OIW) required under the subject commercial lease, resolved

certain fact issues regarding the OIW, and denied those branches of owner's cross motion seeking a "countervailing stay" and dismissal of tenant's cause of action for actual eviction, unanimously modified, on the law, to vacate the court's findings of fact relating to the OIW, and otherwise affirmed, without costs.

Under the plain terms of the lease, owner's delivery of the combined notice of substantial completion/floor designation, dated October 29, 2008, designating December 1, 2008 as the intended date of substantial completion, commenced a 15-day period at the end of which tenant's initial rent would be due regardless of any disputes as to whether owner had substantially completed the OIW. Tenant's lease obligations to countersign the floor designation notice and make payment of the initial rent were independent of owner's obligation to substantially complete the OIW in a timely manner. The motion court therefore correctly found that tenant had defaulted on its obligation to countersign the floor designation notice and make payment of the initial month's rent, and properly limited the issues of fact pertinent to the *Yellowstone* declaration sought, to whether owner had substantially and timely completed the OIW. For purposes of the *Yellowstone* preliminary injunction, however, it was not necessary to resolve any such issues of fact (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514-515 [1999]). Nor should the motion have resolved any such issues of fact in connection with owner's cross motion to dismiss in the absence of documentary evidence demonstrating that certain contested items of the OIW in fact had been timely completed by December 1, 2009. Accordingly, we modify to vacate the motion court's findings of fact relating to owner's compliance with its OIW obligations. We also reject owner's argument that tenant's substantial completion objections should be limited to those raised in its motion for a *Yellowstone* injunction, in view of tenant's references, without limitation, to the OIW as detailed in the complaint and lease, both of which were annexed to the motion.

Owner is not entitled to a "countervailing stay" in the event of a finding that it had failed to timely complete the OIW. Landlords do not face the type of forfeiture protected by *Yellowstone* relief, and owner cites no authority extending such relief to landlords.

Tenant's cause of action for actual eviction was properly sustained upon allegations that owner's wrongful failure to complete the OIW caused tenant's physical ouster from the premises (*see Sapp v Propeller Co.*, 5 AD3d 181 [2004]). Owner's

assertion that tenant never took possession raises an issue of fact inappropriate for determination at the pleading stage.

We have considered the parties' other arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 32648(U).]**