■ Mini Mint Inc., Respondent, v Citigroup, Inc., Appellant. [922 NYS2d 313]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered September 2, 2010, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff sublesee's motion for summary judgment as sought a declaration that plaintiff had no obligation to repair a leak at its own cost or otherwise, and so declared, and denied defendant sublessor's cross motion for partial summary judgment on plaintiff's third cause of action alleging trespass to the extent it is predicated on partial actual eviction, unanimously modified, on the law, to the extent of searching the record and granting defendant summary judgment dismissing the complaint's first cause action for a permanent injunction, denying the part of plaintiff's motion for summary judgment seeking a declaration that plaintiff had no obligation to repair a leak at its own cost or otherwise and vacating the declaration, and otherwise affirmed, without costs.

The conflicting expert affidavits raise issues of fact as to whether the horizontal waste line that leaked "exclusively serv[ed]" the leased premises so as to require plaintiff to repair the leak pursuant to the terms of the lease (*see generally Kumar v Stahlunt Assoc.*, 3 AD3d 330 [2004]).

We agree with the motion court that plaintiff failed to establish a prima facie case for a permanent injunction requiring defendant to fully repair the premises' employee bathroom and restore it to its original condition. In particular, plaintiff failed to establish that it does not have an adequate remedy at law, namely monetary damages (*see Severino v Classic Collision*, 280 AD2d 463, 463-464 [2001]). Given the absence of any material issues of fact, we search the record and grant summary judgment to defendant with respect to the complaint's first cause of action (*see* CPLR 3212 [b]; *Rodless Props., L.P. v Westchester Fire Ins. Co.*, 40 AD3d 253, 254-255 [2007], *lv denied* 9 NY3d 815 [2007]).

The affidavit of defendant's plumber raised an issue of fact as to whether the condition of the bathroom after the repair of the leak amounted to a partial actual eviction (*see Whaling Willie's Roadhouse Grill, Inc. v Sea Gulls Partners, Inc.*, 17 AD3d 453, 454 [2005]). Concur—Tom, J.P., Andrias, Abdus-Salaam and Román, JJ. **[Prior Case History: 28 Misc 3d 1231(A), 2010 NY Slip Op 51565(U).]**