Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 17, 2012, which denied defendant SDS Leonard *497 LLC’s motion to dismiss the complaint as against it, and granted plaintiff’s cross motion for leave to amend the complaint, unanimously modified, on the law, to grant SDS’s motion as to the first and sixth causes of action in the amended complaint, and otherwise affirmed, without costs.
Plaintiff alleges that his condominium unit was damaged by leaks from the building’s common elements. In moving to dismiss the complaint as against it, SDS tendered a copy of what it represents is the management agreement between defendant Board of Managers of Loft Space Condominium and nonparty Certified Management LLC to disprove plaintiff’s claim that it is the building’s managing agent. However, the management agreement tendered by SDS is undated and specifies no term, and thus, even if genuine, does not on its face dispose of plaintiffs claims. Nor does the affidavit submitted by SDS constitute documentary evidence within the meaning of CPLR 3211 (a) (1) (see Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]). Moreover, plaintiff submitted pages of emails tending to show that an entity called “SDS Brooklyn” routinely holds itself out as responsible for maintenance and repair of the building.
Plaintiffs negligence claim should be dismissed as duplicative of his contract claim, since he does not posit any source of duty other than SDS’s alleged management agreement with the Board (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389-390 [1987]; Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478, 479 [1st Dept 2010]).
We reject SDS’s argument that, as the agent of a disclosed principal, it cannot be held liable to plaintiff for any alleged breach of a management agreement with the Board. At this early procedural juncture, the scope of the contractual duties that SDS owed to plaintiff, if any, has not been established.
Plaintiffs claim for injunctive relief against SDS should be dismissed, since, as evidenced by his claims for damages, he has an adequate remedy at law (see Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012]; Mini Mint Inc. v Citigroup, Inc., 83 AD3d 596 [1st Dept 2011]). Concur — Tom, J.P, Friedman, Freedman and Feinman, JJ.