negligence claims as against it (*see Conforti v Bovis Lend Lease LMB, Inc.*, 37 AD3d 235, 236 [1st Dept 2007]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ AARON ELKIN, Appellant, v ANDREA LABIS, Respondent. [40 NYS3d 772]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered August 25, 2014, which granted defendant mother's motion for a permanent injunction against plaintiff father to the extent of prohibiting him from directly contacting the subject child's pediatrician and her medical practice, ordered the father to request medical records or information about the child from the doctor and her practice by contacting the mother in writing, via fax or email, and within two days of receiving such request, directed the mother to forward same to the doctor and her practice requesting that the information be sent directly to the father, and limited such requests to up to six times per calendar year, excluding requests for information concerning emergency hospitalizations of the child, unanimously affirmed, without costs.

To the extent the father remains constrained from directly contacting the child's physician and medical practice, any decision by this Court would have an impact or immediate consequence on the parties' respective rights (*see Matter of Johnson v Pataki*, 91 NY2d 214, 222 [1997]). Accordingly, the appeal is not moot.

In any event, the mother's contention was corroborated by the physician's assertions that the father had called her office "incessantly . . . before visits and after visits" and would constantly be annoying to the front desk, "to the point that [they] were dreading his phone calls." Moreover, the father did not dispute that he made such multiple requests for information, and admitted that he was motivated to obtain the child's medical records to support his pending habeas corpus motion (*see generally Association of Contr. Plumbers of City of N.Y. v Contracting Plumbers Assn. of Brooklyn & Queens, Inc.*, 302 NY 495, 498 [1951]; *Bellew v New York, Westchester & Conn. Traction Co.*, 47 App Div 447 [2d Dept 1900]). Further, the mother established that the child would suffer harm if she were deprived of continuity of treatment by her pediatrician, who had treated her since infancy and with whom she had a

strong rapport and level of comfort (*compare e.g. Mini Mint Inc. v Citigroup, Inc.*, 83 AD3d 596 [1st Dept 2011]; *see generally Association of Contr. Plumbers*, 302 NY at 498). Contrary to the father's argument, the court did not virtually terminate his parental rights by denying him the right to obtain information from the child's medical providers, nor change the custody agreement such that an evidentiary hearing was warranted. Nor did the injunction have far-reaching consequences, as it was expressly limited to this particular physician and her practice. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. JAMISON, Appellant. [40 NYS3d 773]—Appeals having been taken to this Court by the above-named appellant from judgments of the Supreme Court, New York County (Jill Konviser, J.), rendered July 21, 2015 and January 14, 2014, said appeals having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ PHOENIX LIGHT SF LIMITED et al., Appellants, v CREDIT SUISSE AG et al., Respondents. PHOENIX LIGHT SF LIMITED et al., Appellants, v MORGAN STANLEY et al., Respondents. [40 NYS3d 774]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered May 6, 2015, in index No. 653123/13, to the extent appealed from as limited by the briefs, dismissing the common-law fraud, fraudulent inducement, and aiding and abetting fraud claims, unanimously reversed, on the law, with costs, and those claims reinstated. Appeal from order, same court and Justice, entered on or about April 23, 2015, to the extent it granted defendants' CPLR 3211 (a) (7) motion to dismiss the aforesaid claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about April 23, 2015, in index No. 652986/13, which, to the extent appealed from as limited by the briefs, granted defendants' CPLR 3211 (a) (7) motion to dismiss the common-law fraud, fraudulent inducement, and aiding and abetting fraud claims, unanimously reversed, on the law, with costs, and the motion denied.

The allegations that with respect to their purchase of