■ Alex Amirkhanian, Appellant, v Ido Berniker et al., Respondents. [47 NYS3d 22]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered August 18, 2016, dismissing the complaint pursuant to an order, same court and Justice, entered on or about June 1, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court correctly determined that, under Real Property Law § 442-d, plaintiff is prohibited from recovering any real estate brokerage commission because of his lack of a New York real estate broker or real estate salesperson license. The referral of a client to a broker in exchange for a share of the commission earned from a purchase by that client is a service for which a New York real estate broker's license is required (*DSA Realty Servs., LLC v Marcus & Millichap Real Estate Inv. Servs. of N.Y., Inc.*, 128 AD3d 587, 588 [1st Dept 2015]). Plaintiff's argument that he is a "finder" is improperly raised for the first time on appeal, and, in any event, unavailing (*see Futersak v Perl*, 84 AD3d 1309, 1311 [2d Dept 2011], *lv denied* 18 NY3d 943 [2012]).

Equally unavailing is plaintiff's reliance on Real Property Law § 442, which allows a New York licensed real estate broker to split commissions with a real estate broker licensed in another state (Real Property Law § 442 [1]; *Roberts v Gin Realty Corp.*, 145 Misc 2d 618, 619 [Sup Ct, NY County 1989]). Here, the documentary evidence refutes plaintiff's allegations that he was a California-licensed broker at the time his services were allegedly performed. Because plaintiff was unlicensed at that time, he cannot recover commissions (*Galbreath-Ruffin Corp. v 40th & 3rd Corp.*, 19 NY2d 354, 362 [1967]).

Supreme Court correctly dismissed plaintiff's tort claims, because unlicensed individuals cannot evade the licensing requirements by invoking equitable remedies to recover in tort rather than in contract (*see Hartford v Landrich Inv. Co.*, 31

AD2d 616 [1st Dept 1968]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.