Thinkforward Fin. Group, LLC v On the Level Enters., Inc. (2022 NY Slip Op 02967)

Thinkforward Fin. Group, LLC v On the Level Enters., Inc.

2022 NY Slip Op 02967

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 652693/19 Appeal No. 15845 Case No. 2020-04499 

[*1]Thinkforward Financial Group, LLC et al., Plaintiffs-Respondents,
v
On the Level Enterprises, Inc., et al., Defendants-Appellants, Angelo Cosentini et al., Defendants.

Lester Bleckner & Shaw LLP, New York (Martin Shaw of counsel), for On the Level Enterprises, Inc., appellant.
Woods Oviatt Gilman LLP, Rochester (John C. Nutter of counsel), for Delshah Capital LLC, Delshah-OTL-Start 22 Chapel JV LLC, Delshah-OTL-Start 22 Chapel Property Owner LLC and Delshah/OTL 22 LLC, appellants.
Hiller, P.C., New York (Scott D. Woller of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about November 2, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the claim for breach of contract, unanimously affirmed, without costs.
By this action, plaintiffs seek damages resulting from defendants' refusal to compensate them in exchange for services provided to defendants pursuant to a consulting agreement. In particular, the complaint alleges that defendants lured plaintiffs into introducing defendants to a joint development project with START Treatment and Recovery Centers (START). The project was to redevelop property owned by START into a residential building with a community facility set aside for START's offices. Plaintiffs then were to provide consulting services for defendants to secure the rights to the development project. In exchange, defendants promised to pay plaintiffs a consulting fee based upon an agreed percentage of the value of such property. Defendant sought dismissal of the breach of contract claim on the ground that the claim is barred by Real Property Law § 442-d, which prohibits unlicensed persons and corporate entities from recovering fees or commissions for the performance of services facilitating the sale of real property.
Supreme Court properly denied defendants' motion to dismiss the claim for breach of contract because it cannot be determined as a matter of law whether the dominant feature of the parties' building project was the sale of real estate or whether the dominant feature was development of real estate, and therefore, it is not clear whether the transaction falls within the purview of Real Property Law § 442-d. Thus, giving the benefit of every possible favorable inference to plaintiffs, the nonmoving party, the documents submitted by defendants in support of the motion did not flatly contradict the claims in plaintiffs' complaint that they were not hired to negotiate the transfer of the property, but rather to provide consulting services to defendants to assist them in winning the bid with START for the development of the START property. The nondisclosure agreement refers to the transaction variously as a sale or development. Moreover, it is not clear from the language of the consulting agreement that advising on the transaction's terms and structuring would be sufficient for a broker to earn a real estate brokerage commission (see Berg v Wilpon, 271 AD2d 629 [2d Dept 2000]; compare Amirkhanian v Berniker, 147 AD3d 475 [1st Dept 2017] [referral of a client to a broker in exchange for a share of the commission earned from purchase of a residential unit is a service for which a New York real estate broker's license is required]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022