Leyton v Siegel (2023 NY Slip Op 00265)

Leyton v Siegel

2023 NY Slip Op 00265

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 653066/18 Appeal No. 17151 Case No. 2022-00967 

[*1]Scott Leyton, Plaintiff-Appellant,
v
Glen Siegel et al., Defendants-Respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge (Jarrett M. Behar of counsel), for appellant.
Ropes & Gray LLP, New York (Gregg L. Weiner of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about January 21, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint and on their third counterclaim for a declaratory judgment, and denied plaintiff's cross motion for leave to amend the complaint, unanimously reversed, on the law and in the exercise of discretion, without costs, defendants' motion denied and plaintiff's cross motion granted, and, upon a search of the record, plaintiff's motion for summary judgment dismissing defendants' third counterclaim granted to the extent of declaring that plaintiff is entitled to any "Promote" interest in connection with activities of Belvedere Goshen LLC subsequent to December 31, 2017.
Defendants are real estate developers who are members of nonparty Belevedere Capital LLC. In order to purchase a property in Goshen, New York, they formed Belvedere Goshen, LLC, in which they were the members together with plaintiff. Defendants are the managers of Belvedere Goshen. They brought plaintiff on in order to take advantage of his residential rezoning experience, for which they agreed to compensate him by means of an additional distribution (the Promote).
The first cause of action alleging breach of the implied duty of good faith and fair dealing should not have been dismissed. Under Delaware law, which governs Belvedere Goshen's operating agreement, "[t]he implied covenant imposes a good faith and fair dealing obligation when a contract confers discretion on a party" (Glaxo Group Ltd. v DRIT LP, 248 A3d 911, 920 [Del 2021]). "The implied covenant particularly applies where the contract permits a party to exercise sole discretion" (Charlotte Broadcasting, LLC v David Broadcasting of Atlanta, L.L.C., 2015 WL 3863245, *7, 2015 Del Super LEXIS 303, *19 [June 10, 2015, C.A. No. 13C-04-143-WCC CCLD], affd 134 A3d 759 [Del 2016] [table]). Here, the operating agreement granted defendants, Belvedere Goshen's managers, sole discretion in making distributions of the proceeds resulting from the sale of certain property. There are questions of fact as to defendants' motivation for withholding distributions (see Gilbert v El Paso Co., 575 A2d 1131, 1147 [Del 1990]; Charlotte Broadcasting, 2015 WL 3863245 at *6-8, 2015 Del Super LEXIS 303 at *17-22; Amirsaleh v Board of Trade of City of New York, Inc., 2008 WL 4182998, *1, 2008 Del Ch LEXIS 131, *2 [Sept. 11, 2008, Civil Action No. 2822-CC]). While defendants claimed that they were withholding distributions to ensure that Belvedere Goshen would have available capital should Goshen Land Owner LLC decide to exercise its option to pursue a retail development project, plaintiff contended that defendants withheld distributions to penalize him for refusing to relinquish his right to the Promote after the sale of the property. Among the open questions are why Belvedere Goshen had to keep cash available when Goshen [*2]Land Owner holds the option for the development project.
In view of the foregoing, the motion court improvidently exercised its discretion in denying plaintiff leave to amend the complaint to add a third cause of action alleging that defendants breached their contractual obligation to "act in good faith" pursuant to section 6.2(a) of the operating agreement (see CPLR 3025[b]). Leave to amend should be freely given absent prejudice to the opposing party (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]) and where the proposed claims are not "palpably insufficient or devoid of merit" (Lewis v Pierce Bainbridge Beck Price & Hecht LLP, 205 AD3d 618, 619 [1st Dept 2022] [internal quotation marks omitted]). Plaintiff's proposed third cause of action was not palpably insufficient or devoid of merit, and defendants did not claim prejudice or surprise by the proposed amendments.
The motion court also improperly dismissed the second cause of action, brought by plaintiff derivatively on behalf of Belvedere Goshen, alleging that defendants breached section 6.3(b) of the operating agreement by causing Belvedere Goshen to pay an unauthorized real estate brokerage commission to Belvedere Capital Management LLC, another entity owned by defendants. That the funds were paid to Belvedere Capital and not to defendants themselves was immaterial. Contrary to defendants' contentions, plaintiff did not abandon this claim, and triable issues of fact existed as to whether the payment to Belvedere Capital constituted a permissible sales fee or an impermissible real estate brokerage commission to an unlicensed real estate broker (see Galbreath-Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354, 362 [1967]; Amirkhanian v Berniker, 147 AD3d 475, 475 [1st Dept 2017]).
As to the third counterclaim, defendants were not entitled to a declaration that plaintiff had no right to any Promote in connection with Belvedere Goshen's activities subsequent to December 31, 2017. "[A] contract's express terms provide the starting point in approaching a contract dispute" (Murfey v WHC Ventures, LLC, 236 A3d 337, 355 [Del 2020] [brackets and internal quotation marks omitted]), and nowhere in Belvedere Goshen's operating agreement did it provide that plaintiff's entitlement to the Promote terminated after December 31, 2017. Courts will not "add[] a time restriction not found in the plain language" of a contract (Charlotte Broadcasting, 2015 WL 3863245 at *5, 2015 Del Super LEXIS 303 at *14). Defendants' contention that certain provisions in the operating agreement reflected the parties' intent for the Promote to apply only to plaintiff's efforts to obtain residential zoning entitlements is unavailing. The parties could have drafted the agreement to expressly provide for such a limitation, but instead, defined "Property Entitlements" broadly as "the entitlements for the Property necessary to enable the Property to be developed in the manner determined by the Managers" (see Murfey, 236 A3d at [*3]356-357; Charlotte Broadcasting, 2015 WL 3863245 at *5, 2015 Del Super LEXIS 303 at *15). To the extent defendants rely on extrinsic evidence to support their interpretation, "extrinsic evidence may not be used to interpret the intent of the parties" where a contract is unambiguous (Eagle Indus., Inc. v DeVilbiss Health Care, Inc., 702 A2d 1228, 1232 [Del 1997])
Absent material issues of fact, upon a search of the record, we grant plaintiff summary judgment as to the third counterclaim to the extent of declaring that plaintiff
is entitled to any Promote in connection with Belvedere Goshen's post-2017 activities
(see Mini Mint Inc. v Citigroup, Inc., 83 AD3d 596, 597 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023