## East 54th Operating LLC v Brevard Owners, Inc.

2024 NY Slip Op 30365(U)

January 31, 2024

Supreme Court, New York County

Docket Number: Index No. 154045/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. ARLENE P. BLUTH**</u>      **PART**             **14**

*Justice*

--------------------------------------------------------------------------------X

EAST 54TH OPERATING LLC

                 Plaintiff,

                - v -

BREVARD OWNERS, INC.,

                 Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154045/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 143, 144, 145, 150, 151, 152, 153, 154, 155, 156, 157

were read on this motion to/for         <u>VACATE - DECISION/ORDER/JUDGMENT/AWARD</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 137, 138, 139, 140, 141, 142

were read on this motion to/for             <u>CONSOLIDATE</u>      .

       Motion Sequence Numbers 005 and 006 are consolidated for disposition. Defendant's motion (MS005) to *inter alia* vacate a Yellowstone injunction granted to plaintiff and awarding it a money judgment is denied. Defendant's motion (MS006) to consolidate this action with another matter pending between the very same parties is granted without opposition.

**Background**

       Plaintiff runs a parking garage at premises owned by defendant. It complains that defendant, the landlord, is seeking to terminate plaintiff's long-term commercial tenancy based upon obligations that are the responsibility of defendant. Plaintiff argues that it received a default notice from defendant declaring that plaintiff violated the lease by not properly maintaining the premises. Specifically, defendant claimed that plaintiff has not applied proper sealant to the

**154045/2023 EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**         **Page 1 of 9**
**Motion No. 005 006**

1 of 9

[* 1]

floor, which has caused various cracks and other issues. Defendant blames plaintiff for the purportedly deteriorating condition of the garage.

This Court previously granted plaintiff a Yellowstone injunction as well as defendant's request for injunctive relief relating to access to the parking garage so that immediate repairs could be made. The Court then granted a second Yellowstone injunction related to additional notices of default sent by defendant (NYSCEF Doc. No. 98). The Appellate Division, First Department in a motion decision dated September 7, 2023, stayed the portion of this Court's order that required plaintiff to vacate the garage so that immediate repairs could commence. A few months later, on January 4, 2024, the First Department modified this Court's first decision and found that this Court must hold "a CPLR 6312(c) hearing to determine how to best reconcile plaintiff's lease obligation to provide access to the garage to defendant with plaintiff's right to remain in the premises and conduct its business" and to "ensure that the timing, duration, and conditions of vacatur are appropriate" (*E. 54th Operating LLC v Brevard Owners, Inc.*, 2024 NY Slip Op 00023 [1st Dept 2024]). That hearing is scheduled for March 2024.

In the meantime, there is no dispute that defendant hired contractors to do shoring work at the garage in response to actions taken by the Department of Buildings and that the lower level of the garage, and its 135 spaces, are currently unavailable. Apparently, DOB issued a violation on July 10, 2023 to defendant related to the conditions at the garage. However, no actual work has taken place to repair the issues with the garage. As best this Court can tell, the shoring remains up and the parties are in an indefinite holding pattern.

Defendant now moves to vacate the portion of this Court's orders that granted plaintiff a Yellowstone injunction because plaintiff has not paid rent for months despite a Court order that it do so (paying rent was a condition of the second Yellowstone injunction). It claims that there is

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 2 of 9**

2 of 9

[* 2]

a "ramp carveout" with respect to a rent abatement provision contained in the lease. Defendant argues that this carveout means that the shoring work that currently prevents plaintiff from using 135 spaces (the entire lower level of the garage) is ramp work and, therefore, plaintiff is not entitled to a rent abatement for the loss of the parking spaces. Defendant concludes that this Court must immediately vacate the Yellowstone injunction and issue a money judgment in defendant's favor because plaintiff does not have a basis to claim that it need not pay any rent.

Plaintiff stresses that the closure of the lower level and its 135 spaces entitles it to a rent abatement which actually exceeds the amount of rent it is obligated to pay. It argues that the rent abatement portion of the lease contains a formula to calculate compensation owed to plaintiff in the event that spaces are not available. Plaintiff also argues, in the alternative, that defendant's actions (to shore up the building and close off the lower level) constitute an actual partial eviction that entitles plaintiff to a rent abatement.

**Discussion**

The essential question on this motion is whether the language in the parties' agreement compels the Court to vacate a Yellowstone injunction.

"The court should construe the agreements so as to give full meaning and effect to the material provisions. A reading of the contract should not render any portion meaningless. Further, a contract should be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-25, 834 NYS2d 44 [2007]).

The relevant portion of the lease is as follows:

"Repair Space Days and Space Days.

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 3 of 9**

3 of 9

[* 3]

(a) Section 6.01(e) of the Original Lease is deleted and replaced with the following:

"6.01(e) In connection with the obligation of Landlord to make any changes, repairs or replacements to the Demised Premises (other than and except for the ramps) set forth in this Section 6.01, and provided that the same shall not arise from a wrongful or negligent act or omission of Tenant or any of Tenant's agents, servants, employees, licensees or contractors, then (subject to the provisions of Subsection 6.01(e)(ii) below), if and to the extent that Tenant shall be actually unable to use particular parking spaces in the Demised Premises during the period of such changes, repairs or replacements to the Demised Premises (other than and except for the ramps) (which period of such changes, repairs or replacements under the aforesaid circumstances shall be deemed a "Landlord's Repair Period"), Tenant shall be entitled to a per diem abatement of the Basic Rent in an amount equal to fifty percent (50%) of Tenant's 24- hour rate for parking as then posted (e.g., if the posted 24-hour rate at the cashier window is $60.00, then the per diem abatement for each Repair Space Day shall be $30.00) during such Landlord Repair Period for each Repair Space Day (hereinafter defined) above either the Annual Threshold (hereinafter defined) or the Monthly Threshold (hereinafter defined) (whichever of the two Thresholds is applicable) during such calendar month in which a Landlord's Repair Period occurs that Tenant is actually unable to utilize particular parking space" (NYSCEF Doc. No. 121, § 6.01[e]).

The Court agrees with plaintiff's view that the ramp exception merely means that any spaces that are located on the ramps are not included in the provision cited above (the "Space Day Provision"). This paragraph clearly provides a formula under which plaintiff is entitled to an abatement where it cannot use parking space and eliminates spaces located on the ramps from that calculation. The agreement does not say, as defendant appears to argue, that any work on the ramps means that all spaces (even those not included on a ramp) are exempt from the abatement calculation in the Space Day Provision.

If the Court were to embrace defendant's view, it would operate to nullify this entire provision every time any work was done on a ramp. At this stage of the litigation (meaning, before the Court or a fact finder has determined whether plaintiff or defendant is liable for the issues with the garage), the Court finds that the general purpose of this provision was to ensure

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 4 of 9**

4 of 9

[* 4]

that work on ramps was not included as part of the rent abatement. But this exclusion was limited to the work on the ramps, not to every space.

As plaintiff's affidavit points out "any structural repairs to the Garage that would deprive Tenant of parking spaces will always involve the ramps in some way since bracing/shoring would have to be installed on the ramps" (NYSCEF Doc. No. 150, ¶ 15). That yields the logical conclusion that the parties left in the rent abatement formula, but removed spaces located on the ramps from inclusion while calculating the total. And this record shows that the shoring work is not limited to the ramps; it is located on both the ramps and the entire lower level of the garage (NYSCEF Doc. No. 151). Plaintiff's affidavit adds that "Although [defendant] strategically chose to show this Court only the bracing that was installed on the ramp leading to the lower level, the Court will see from Tenant's photographs and video that most of the bracing was installed on the lower level itself" (NYSCEF Doc. No. 150, ¶ 19).

The Court also notes that the provision cited above contains another carveout for the negligent acts of the tenant. That is, the Space Day Provision does not apply if the landlord's repairs arise because of a negligent act of the tenant. But there has not yet been any determination about plaintiff's potential liability and so the Court finds that there is no reason to vacate the status quo and grant this portion of defendant's motion. The Court emphasizes its conclusion here: simply that the record here does not demonstrate a valid basis to vacate a Yellowstone injunction. It may be that defendant is ultimately entitled to some or even all of the rent it claims is due. The Court only finds that defendant's reliance on this provision is not a reason to upset the status quo as it does not indisputably show that plaintiff has to pay the entire rent while it has lost access to 135 spaces.

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 5 of 9**

5 of 9

Plaintiff also raised another sufficient reason not to vacate the Court's Yellowstone injunction—the issue of partial actual eviction. "An actual eviction occurs when a landlord wrongfully ousts a tenant from physical possession of the demised premises. Where the tenant is ousted from only a portion of the demised premises, the eviction may still be considered actual, if only partial, and suspend the tenant's obligation to pay rent" (*Whaling Willie's Roadhouse Grill, Inc. v Sea Gulls Partners, Inc.*, 17 AD3d 453, 453, 793 NYS2d 124 [2d Dept 2005] [citations omitted]).

There is little dispute on this motion that plaintiff no longer has the use of the entire lower level of the garage. That raises an issue about an actual partial eviction, although the Court makes no dispositive finding on this issue. Until it is determined which party is responsible for making the repairs, it cannot be said that the landlord caused an eviction (for instance, if the tenant was responsible and the landlord installed the shoring, essentially, on the tenant's behalf, then there may be no eviction). In any event, to vacate a Yellowstone and upset the status quo before there has been any determination about who is ultimately responsible for the issues with the garage makes little sense. Besides, the Court has no idea how many parking spaces are on the ramp (and therefore should potentially be removed from the calculation).

Simply because the parties included a carveout for ramps in connection with the Space Day Provision is not a basis to reject plaintiff's partial eviction claim. Nothing in the agreement suggests that the Space Day Provision is the exclusive remedy and the agreement does not state that plaintiff waived its right to seek alternative forms of relief (such as a partial actual eviction theory) should it be unable to use the majority of its parking spaces, as is the case now.

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 6 of 9**

6 of 9

[* 6]

For these reasons, the Court also denies defendant's request for the entry of a money judgment as it is based upon its theory that the ramp carveout requires plaintiff to pay the full amount of rent.

The Court also observes that defendant seeks leave to amend to assert additional counterclaims. Unfortunately, this branch of defendant's motion is denied as defendant did not include a proposed amended pleading that "clearly show[s] the changes or additions to be made to the pleading" (CPLR 3025[b]). Defendant did not, for instance, include a red-lined version of the proposed amended answer with the proposed changes. Nor did defendant's memorandum of law or affirmation in support adequately identify the changes in the proposed amended pleading. Without identifying the changes, the Court is unable to ascertain whether defendant met its burden to state a cognizable claim.

**Summary**

The Court's task on this motion is to assess whether the Space Day Provision precludes plaintiff from receiving any rent abatement because some of the shoring work was put up on the ramps. The Court finds that defendant's view is simply too broad of an interpretation of the Space Day Provision. In applying traditional principles of contractual interpretation, the Court must interpret the Space Day Provision so as to avoid rendering portions of the agreement as meaningless. Defendant's view would render nearly the entire portion of the lease as superfluous simply because some work is being done on the ramps. And, critically, the ramp carveout does not say that any work done on the ramps means that plaintiff is not entitled to any abatement even for "non-ramp" portions such as the lower level itself.

The interpretation that gives effect to the entire agreement is plaintiff's theory: that the Space Day Provision does not apply to the spaces on the ramps but that it might be entitled to an

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 7 of 9**

abatement for shoring that covers up spaces that are not on the ramps. Plus, there is no indication that the Space Day Provision was intended to be the exclusive remedy, thereby preventing plaintiff from asserting a partial eviction theory.

The Court grants the unopposed motion to consolidate as described below.

Accordingly, it is hereby

ORDERED that defendant's motion (MS005) to vacate and for other relief is denied; and it is further

ORDERED that defendant's motion (MS006) to consolidate this action with Index No. 656258/2023 is granted without opposition; and it is further

ORDERED that these cases shall be consolidated before Justice Bluth in Part 14; and it is further

ORDERED that the pleadings in the actions are hereby consolidated and shall stand as the pleadings in the consolidated action; and it is further

ORDERED that because the captions are identical, no amendment to the instant caption is required; and it is further

ORDERED that within 20 days from entry of this order, counsel for the movant shall serve a copy of this decision and order with notice of entry upon the Clerk of the Trial Support Office (Room 158) and the County Clerk (Room 141B) **via e-filing** and these offices are hereby directed to immediately mark the court's records to reflect the consolidation and mark **Index No. 656258/2023** as disposed; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

**154045/2023  EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
Motion No.  005 006

**Page 8 of 9**

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on

the court's website at the address (www.nycourts.gov/supctmanh)].

|  | | |
|---|---|---|
| **1/31/2024** | | **ARLENE P. BLUTH, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154045/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  005 006**

**Page 9 of 9**

9 of 9