Hulse v Connors (2024 NY Slip Op 50402(U))

[*1]

Hulse v Connors

2024 NY Slip Op 50402(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-351 S C

Kelly Hulse, Appellant,
against
Jeffrey Connors, Respondent, and Elizabeth Connors, Carolyn Tholl and Oscar Alexander, Undertenants. 

Harold A. Steuerwald, LLC (Harold A. Steuerwald of counsel), for appellant.
Nassau Suffolk Law Services Committee (Hannah Abrams of counsel), for respondent.

Appeal, on the ground of inadequacy, from a final judgment of the District Court of Suffolk County, Sixth District (James F. Matthews, J.), entered May 13, 2022. The final judgment, insofar as appealed from, after a nonjury trial, upon awarding landlord possession, awarded landlord the sum of $3,000 in a nonpayment summary proceeding.

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to this appeal in this nonpayment proceeding, tenant interposed an affirmative defense of partial actual eviction. Landlord amended the petition through the month of the trial, seeking $26,250 in rent. After a nonjury trial, the District Court (James F. Matthews, J.) awarded landlord a final judgment of possession and the sum of $3,000, implicitly finding that tenant had been partially actually evicted. Landlord appeals, arguing that the District Court improperly found that there was a partial actual eviction in that landlord's actions were not "wrongful" and that the court failed to take testimony regarding the duration and intensity of the alleged condition.
"An actual eviction occurs when a landlord wrongfully ousts a tenant from physical possession of the demised premises. Where the tenant is ousted from only a portion of the demised premises, the eviction may still be considered actual, if only partial, and suspend the tenant's obligation to pay rent" (Whaling Willie's Roadhouse Grill, Inc. v Sea Gulls Partners, [*2]Inc., 17 AD3d 453, 453 [2005] [citations omitted]; see Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617 [2012]; Barash v. Pennsylvania Term. Real Estate Corp., 26 NY2d 77 [1970]). 
Landlord testified that, at her direction, her fiancé added a lock on the entrance to one of the two bedrooms in the subject house and did not provide tenant with a key. While landlord argues that she had personal reasons for adding the lock, such reasons are not relevant to the determination of this appeal, as doing so was not permitted under the parties' lease or the law and, therefore, was wrongful (see RPAPL 711). As the intrusion on the leased premises was not trivial, the proper remedy is a full abatement of rent during the period of the actual partial eviction (see Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617). We find that landlord's remaining arguments do not provide a basis for modification. 
Accordingly, the final judgment, insofar as appealed from, is affirmed. 
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024